# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

Case No. _____

CIV-GRAHAM

M GISTRATE JUDGE
O SULLIVAN

|  |  |  |
|---|---|---|
| HECTOR LUNA, | ) | |
| JULIAN GARCIA, | ) | |
| SANTOS MALDONADO, | ) | |
| and BARTOLO NUÑEZ, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| DEL MONTE FRESH PRODUCE | ) | |
| (SOUTHEAST), INC., | ) | |
| and DEL MONTE FRESH PRODUCE N.A., INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT – CLASS ACTION

### NATURE OF THE ACTION

1.      This is a civil action brought by four migrant agricultural workers employed by Defendant Del Monte Fresh Produce (Southeast), Inc. and Defendant Del Monte Fresh Produce N.A., Inc., (collectively "Del Monte" or "Defendants") at their Georgia farms in and around Wheeler and Telfair Counties to plant, harvest, transport and pack melons, greens and onions during the 2003, 2004, 2005 and 2006 harvest seasons.  The Plaintiffs file this action to secure and vindicate their rights under the

Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801-1871 (1999), (hereinafter "AWPA"), the Fair Labor Standards Act, 29 U.S.C. § 201 – 219 (1998), (hereinafter "FLSA"), and under state and federal contract law. These Representative Plaintiffs assert the foregoing claims on behalf of themselves and all others similarly situated.

2.      The Plaintiffs complain of the Defendants' unlawful employment practices during the 2003, 2004, 2005 and 2006 seasons.

3.      Acting through their agents, the Defendants recruited the Plaintiffs to work on their Georgia vegetable farms. The Defendants, through their recruiting agents, made binding promises regarding wages, hours and working conditions. In reliance upon and in consideration of these binding promises, the Plaintiffs left their homes, families and children and spent considerable money and effort to travel to Georgia to work for the Defendants.

4.      The Defendants employed two distinct classes of migrant workers. The Defendants employed agricultural "guestworkers" recruited from Mexico pursuant to the temporary agricultural work visa program commonly known as the "H-2A program." 8 U.S.C. §1188(H)(ii)(a). These guestworkers (hereinafter "H-2A workers") had written contracts of employment that included specific representations regarding wages, hours and working conditions. The terms of these employment contracts were primarily dictated by federal regulations. The H-2A worker Plaintiffs assert claims under the FLSA and for breach of contract.

5.      The Defendants also employed migrant workers who were not H-2A guestworkers (hereinafter "migrant agricultural workers"). These non-H2A, migrant

agricultural workers were recruited from within the United States.  As a matter of law,

the Defendants were not permitted to offer less favorable terms of employment to

similarly situated domestic workers. 20 C.F.R. § 655.102. Thus, the same terms and

conditions of employment offered contractually to the H-2A workers were incorporated

as the minimum terms of the AWPA "working arrangement" of the migrant agricultural

workers.  The migrant agricultural worker Plaintiffs assert claims under the AWPA and

under the FLSA.

      6.     Throughout their employment, the Defendants breached the terms of the

Plaintiffs' employment agreements.  The Defendants consistently failed to pay the

promised wage rate for all hours worked.  The Defendants also failed to reimburse the

Plaintiffs for costs they incurred for the benefit of the Defendants to the extent that these

costs brought Plaintiffs' first week of wages below the required hourly rate.

      7.     All Plaintiffs assert claims under the FLSA.  The class claims are divided

into two proposed classes.  The first subclass, hereinafter referred to as the H-2A worker

class, asserts claims for breach of contract.  Plaintiffs Hector Luna and Julian Garcia are

the class representatives for the H-2A worker class.  The second subclass, hereinafter

referred to as the migrant agricultural worker class, assert claims for breach of the

AWPA.  Plaintiffs Santos Maldonado and Bartolo Nuñez are the class representatives for

the migrant agricultural worker class.

      8.     Plaintiffs seek to recover their unpaid wages, actual, statutory, liquidated,

incidental, consequential, and compensatory damages and pre- and post-judgment

interest.  Plaintiffs also seek reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

## JURISDICTION

9.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this action arising under the laws of the United States.

10.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

11.     Jurisdiction is conferred upon this Court by 29 U.S.C. § 1854(a), this action arising under the AWPA.

12.     Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b), this action arising under the FLSA.

13.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case presenting state law claims that implicate significant federal issues.  In the alternative, the Court is requested to exercise supplemental jurisdiction over Plaintiffs' state law claims. The state claims involve the same case and controversy as the federal claims. Supplemental jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

## VENUE

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S.C. § 1854(a).

## PARTIES

15.     Representative Plaintiff Hector Luna is a Mexican national employed by the Defendants in 2003 and 2004.  At all times relevant to this action, Plaintiff Hector Luna was an H-2A guestworker, admitted to the United States to work for the Defendants

under the auspices of the H-2A guestworker program.  8 U.S.C. § 1188; 20 C.F.R. §§ 655.0 – 655.113.

16.     Representative Plaintiff Julian Garcia is a Mexican national employed by the Defendants in 2003.  At all times relevant to this action, Plaintiff Julian Garcia was an H-2A guestworker, admitted to the United States to work for the Defendants under the auspices of the H-2A program.  8 U.S.C. § 1188; 20 C.F.R. §§ 655.0 – 655.113.

17.     Representative Plaintiff Santos Maldonado is a migrant agricultural worker, recruited from within the United States by the Defendants and employed by the Defendants in 2004.

18.     Representative Plaintiff Bartolo Nuñez is a migrant agricultural worker, recruited from within the United States by the Defendants and employed by the Defendants in 2004 and 2005.

19.     Defendant Del Monte Fresh Produce N.A., Inc., is a Florida corporation that maintains a principal place of business at 241 Sevilla Avenue, Coral Gables, Florida.

20.     Defendant Del Monte Fresh Produce (Southeast), Inc. is a Delaware corporation that maintains a principal place of business at 241 Sevilla Avenue, Coral Gables, Florida.

21.     Upon information and belief, Defendant Del Monte Fresh Produce (Southeast), Inc., is responsible, under the direct supervision and control of Defendant Del Monte Fresh Produce N.A., Inc., for the planting, harvesting and packing of melons, greens and onions at the Defendants' farms in an around the Georgia counties of Wheeler and Telfair.

22.     Upon information and belief, Defendant Del Monte Fresh Produce (Southeast), Inc. was created for the purpose of achieving Defendant Del Monte Fresh Produce N.A., Inc.'s objectives with respect to the production, marketing, sale and distribution of its fresh produce, and are under the direct managerial and financial control of Defendant Del Monte Fresh Produce N.A., Inc. to the extent that it has no or insignificant financial assets of its own.

23.     Upon information and belief, Defendant Del Monte Fresh Produce (Southeast), Inc. was created in order to defeat justice, perpetuate fraud, evade contractual or tort responsibility, and/or confuse or avoid judgment creditors.  Defendant Del Monte Fresh Produce (Southeast), Inc. is a mere instrumentality for the transaction of the affairs of Defendant Del Monte Fresh Produce N.A., Inc.

24.     Defendant Del Monte Fresh Produce N.A., Inc. is fully liable for its own acts and the acts of Defendant Del Monte Fresh Produce (Southeast), Inc.  Defendant Del Monte Fresh Produce (Southeast), Inc. is an alter ego of Defendant Del Monte Fresh Produce N.A., Inc. or, alternatively, is in an agency relationship with it.  Further, Defendant Del Monte Fresh Produce N.A., Inc. is vicariously liable under the doctrine of respondeat superior for the acts and omissions of Defendant Del Monte Fresh Produce (Southeast), Inc.

25.     At all times relevant to this action, Defendant Del Monte Fresh Produce (Southeast), Inc. and Defendant Del Monte Fresh Produce N.A., Inc. (collectively "Del Monte" or "Defendants") were agricultural employers within the meaning of 29 U.S.C. § 1802(2).

26.     At all times relevant to this action, Representative Plaintiffs Santos Maldonado and Bartolo Nuñez and all other members of the migrant agricultural worker class were migrant agricultural workers within the meaning of 29 U.S.C. § 1802(8)(A), in that they were employed in agricultural employment of a seasonal nature and were required to be absent overnight from their permanent places of residence.

27.     At all times relevant to this action, Representative Plaintiffs Santos Maldonado and Bartolo Nuñez and all other members of the migrant agricultural worker class were engaged in agricultural employment for the Defendants within the meaning of 29 U.S.C. § 1802(3).

28.     At all times relevant to this action, the Defendants employed Representative Plaintiffs Santos Maldonado and Bartolo Nuñez and all other members of the migrant agricultural worker class within the meaning of 29 U.S.C. § 1802(5).

29.     At all times relevant to this action, the Defendants were employers of Representative Plaintiffs Hector Luna and Julian Garcia and all other members of the H-2A worker class within the meaning of 20 C.F.R. § 655.100.

30.     At all times relevant to this action, the Defendants employed the Plaintiffs and all other members of the proposed FLSA collective action class within the meaning of 29 U.S.C. § 203(g).

31.     At all times relevant to this action, the Defendants were employers of the Plaintiffs and all other members of the proposed collective action class within the meaning of 29 U.S.C. § 203(d).

7

32.    At all times relevant to this action, the Plaintiffs and all other members of the proposed collective action class were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

33.    At all times relevant to this action, the Defendants employed the Plaintiffs and all other members of the proposed collective action class in the production, packing and harvesting of vegetables for sale in interstate commerce.

## STATEMENT OF FACTS

34.    During 2003, 2004, 2005 and 2006, the Defendants owned and operated a vegetable farm located in and around the Georgia counties of Telfair and Wheeler. The Defendants' vegetable farm produced onions, greens and melons for shipment in interstate commerce.

35.    During each season in question, the Defendants utilized the services of farm labor contractors charged with recruiting labor for the operation of the Defendants' Georgia vegetable farms. During each season in question, the Defendants employed both temporary, foreign H-2A agricultural guest workers and migrant agricultural workers recruited from within the United States. During each season in question, the Defendants relied exclusively upon these laborers, recruited by their farm labor contractors, to operate their Georgia vegetable farms. During each season in question, the Defendants' farm labor contractors relied exclusively on the work provided by the Defendants to supply their recruits with employment.

36.    During each season in question, the Defendants' farm labor contractors requested, recruited and imported temporary, foreign H-2A agricultural guest workers through a U.S. Department of Labor "job order."

8

37.     An agricultural employer in the United States may import H-2A workers if the United States Department of Labor (hereinafter "U.S. D.O.L.") certifies that (1) there are not enough U.S. workers to perform the job and (2) the employment of H-2A workers will not adversely affect the wages and working conditions of U.S. workers who are similarly employed. 8 U.S.C. § 1101 (a)(15)(H)(ii)(a); 8 U.S.C. § 1188 (a)(1). These provisions, along with the implementing United States Customs and Immigration Services ("U.S.C.I.S.") and U.S. D.O.L. regulations, are commonly referred to as the "H-2A program."

38.     Employers requesting H-2A workers must file a temporary labor certification application with the U.S. D.O.L. Regional Administrator responsible for the area where the job is located. 20 C.F.R. § 655.101 (a)(1) and (b)(1). This application must include a job offer that complies with the requirements of 20 C.F.R. §§ 655.102 and 653.501. 20 C.F.R. § 655.101(b)(1). The job offer, commonly referred to as a "clearance order" or "job order," is used to recruit both United States and H-2A workers. The aforementioned regulations establish the minimum wages, benefits and working conditions required in an H-2A job order in order to avoid adversely affecting similarly employed United States workers. 20 C.F.R. § 655.0 (a)(2); 20 C.F.R. § 655.102. These terms and conditions constitute an employment contract between the employer and employee, pursuant to 20 C.F.R. § 655.102(b)(14).

39.     As a condition of receiving temporary labor certification for the importation of H-2A workers, agricultural employers are required to pay the highest of the "adverse effect wage rate," the federal minimum wage, or the state minimum wage. 20 C.F.R. § 655.102 (b)(9)(i). The adverse effect wage rate ("AEWR") is the average

9

annual wage for agricultural workers during the preceding year, as established by the U.S. D.O.L. and published in the Federal Register. 20 C.F.R. § 655.107 (a). During 2003, 2004, 2005 and 2006, the AEWR minimum hourly wage rates applicable to Georgia employers using H-2A guestworkers were $7.49, $7.88, $8.07 and $8.37 respectively. 68 Fed. Reg. 8929 (Feb. 26, 2003); 69 Fed. Reg. 10063 (Mar. 3, 2004); 70 Fed. Reg. 10152 (March 2, 2005); 71 Fed. Reg. 13633 (Mar. 16, 2006). These wage rates were in effect throughout the Plaintiffs' employment by the Defendants.

40.     Agricultural employers who participate in the H-2A program are required to provide minimum pay and benefits as specified in the program's regulations. One of these requirements is that "the employer shall comply with the applicable federal, state, and local employment-related laws and regulations," 20 C.F.R. § 655.103(b), which includes the Fair Labor Standards Act and the requirement that workers receive, free and clear of deductions and expenses incurred for the benefit of the employer, at least the applicable minimum wage for all hours worked. 29 U.S.C. § 206(a).

41.     In addition, an employer using H-2A workers must offer U.S. workers no less than the same benefits, wages and working conditions that it offers to H-2A workers and must not impose any restrictions or obligations upon U.S. workers not imposed upon H-2A workers. 20 C.F.R. § 655.102.

42.     Where an agricultural employer obtains some of its work force through the H-2A program, the terms of the "job order" establish the minimum terms and conditions of employment on that employer's farm for other agricultural workers. The terms and conditions set forth by the "job order" are incorporated as the minimum terms and

10

conditions of the AWPA "working arrangement" governing the employment of similarly situated, non-H2A, migrant agricultural workers recruited to work on the same farm.

43.    Representative Plaintiffs Hector Luna and Julian Garcia were employed by the Defendants in 2003 and/or 2004 under the terms of H-2A job orders.

44.    Representative Plaintiffs Santos Maldonado and Bartolo Nuñez were recruited to the Defendants' farm and worked as migrant agricultural workers during 2004 and/or 2005. Their AWPA "working arrangement" incorporated the terms and conditions of employment set forth in the concurrent H-2A "job orders."

45.    Before the receipt of their first paycheck, Plaintiffs and others similarly situated spent considerable sums of money to travel to and become eligible for employment at the Defendants' Georgia vegetable farms.

46.    These expenditures were primarily for the benefit of the Defendants within the meanings of 20 C.F.R. §§ 531.32(c) and 778.217.

47.    The Defendants did not reimburse the Plaintiffs for these expenditures to the extent that these pre-employment costs brought their first week's wages below the applicable minimum wage.

48.    When compensating the Plaintiffs on a piece-rate basis, the Defendants failed to supplement the weekly earnings of the Plaintiffs when inadequate piece-rate earnings caused their average hourly wage during a pay period to fall below the applicable AEWR wage rate.

49.    When compensating the Plaintiffs on an hourly basis, the Defendants failed to pay the proper AEWR wage rate.

50.     Plaintiffs did not receive payment for all hours worked as required by federal law and their employment contract with the Defendants.

## CLASS ACTION ALLEGATIONS:
## COUNT I - H-2A CONTRACT VIOLATIONS

51.     All claims set forth in Count I are brought by Representative Plaintiffs Hector Luna and Julian Garcia on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

52.     Hector Luna and Julian Garcia seek to represent a class consisting of all those individuals admitted as H-2A temporary foreign workers pursuant to 8 U.S.C. § 1188(H)(ii)(a) who were employed by the Defendants in their Georgia vegetable farming operations from April 1, 2003 to the present.

53.     The precise number of individuals in the class is known only to the Defendants and their farm labor contractors. This class is believed to include over 300 individuals. The class is comprised principally of indigent migrant farmworkers who maintain their residences in locations throughout Mexico. The class members are not fluent in the English language. The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the maintenance of separate actions by each class member economically infeasible. Joinder of all class members is impracticable.

54.     There are questions of fact and law common to the class. These common questions include whether the Defendants were an employer of the Count I, H-2A worker subclass under the meaning of 20 C.F.R. § 655.100; whether the Defendants violated the "job order" contract by failing to reimburse the class members for pre-employment expenses to the extent necessary to assure the receipt of the AEWR wage rate in the first

week of employment; whether the Defendants failed to pay the Count I H-2A worker subclass members at the contractual AEWR wage rate for all work performed; whether the Defendants failed to maintain complete and accurate records regarding the Count I class members' work; and whether the Defendants failed to provide the Count I H-2A worker class members with complete and accurate wage statements.

55.     The claims of Representative Plaintiffs Hector Luna and Julian Garcia are typical of the class, and these typical, common claims predominate over any questions affecting only individual class members.  Representative Plaintiffs Hector Luna and Julian Garcia have the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

56.     Counsel for the Plaintiffs have handled numerous actions in the federal courts, including class actions and collective actions, concerning the issues involved herein.  They are prepared to advance litigation costs necessary to vigorously litigate this action.

57.     A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, inter alia:

> a.     The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;
>
> b.     Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

13

    c.    There has been no class action litigation already commenced against the Defendants to determine the questions presented. Six (6) individual workers have presented similar claims in *Verdugo-Lopez, et. al. v. Del Monte Fresh Produce (Southeast), Inc., et. al.* a companion case also pending in this jurisdiction. These workers have asserted their claims separately because their case includes unique allegations atypical to the proposed class;

    d.    It is desirable that the claims be heard in this forum since the Defendants maintains their primary business office in this District; and

    e.    A class action can be managed without undue difficulty since the Defendants have regularly committed the violations complained of herein and are required to maintain detailed records concerning each member of the class.

### CLASS ACTION ALLEGATIONS:
### COUNT II – MIGRANT AND SEASONAL
### AGRICULTURAL WORKER PROTECTION ACT VIOLATIONS

58.    All claims set forth in Count II are brought by Representative Plaintiffs Santos Maldonado and Bartolo Nuñez, individually and on behalf of all other similarly situated persons, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

59.    Representative Plaintiffs Santos Maldonado and Bartolo Nuñez seek to represent a class consisting of all those individuals employed by the Defendants as migrant agricultural workers in their Georgia vegetable farming operations from April 1, 2003 to the present.

60.     The precise number of individuals in the class is known only to the
Defendants and their farm labor contractors. This class is believed to include over 300
individuals. The class is comprised principally of indigent migrant farmworkers with
fluid places of residence. The class members are not fluent in the English language. The
relatively small size of the individual claims, the geographical dispersion of the class, and
the indigency of the class members makes the maintenance of separate actions by each
class member economically infeasible. Joinder of all class members is impracticable.

61.     There are questions of fact and law common to the class. These common
questions include whether the Defendants were an employer of the Count II migrant
agricultural worker class as defined by the AWPA; whether the terms of the "job order"
contract were incorporated into the AWPA "working arrangement" of the Count II class;
whether the Defendants violated the AWPA by failing to pay the AEWR minimum wage
rate to members of the Count II migrant agricultural worker class; whether the
Defendants violated the AWPA by failing to reimburse the Count II class members for
pre-employment expenses to the extent necessary to assure the receipt of the AEWR
minimum wage rate in the first week of employment; whether the Defendants failed to
pay the Count II migrant agricultural worker class members their wages promptly when
due, as required by the AWPA; whether the Defendants failed to maintain complete and
accurate records regarding the Count II migrant agricultural worker class members' work
in violation of the AWPA; and whether the Defendants failed to provide the Count II
class members with complete and accurate wage statements as required by the AWPA.

62.     The claims of Representative Plaintiffs Santos Maldonado and Bartolo
Nuñez are typical of the Count II migrant agricultural worker class, and these typical,

common claims predominate over any questions affecting only individual class members.
Representative Plaintiffs Santos Maldonado and Bartolo Nuñez have the same interests as
do the other members of the class and will vigorously prosecute these interests on behalf
of the class.

63.     Counsel for the Plaintiffs have handled numerous actions in the federal
courts, including class actions and collective actions, concerning the issues involved
herein.   They are prepared to advance litigation costs necessary to vigorously litigate this
action.

64.     A class action under Rule 23(b)(3) is superior to other available methods
of adjudicating this controversy because, inter alia:

> a.     The common issues of law and fact, as well as the relatively small
> size of the individual class members' claims, substantially
> diminish the interest of members of the class in individually
> controlling the prosecution of separate actions;
>
> b.     Many members of the class are unaware of their rights to prosecute
> these claims and lack the means or resources to secure legal
> assistance;
>
> c.     There has been no litigation already commenced against the
> Defendants by the members of the class to determine the questions
> presented;
>
> d.     It is desirable that the claims be heard in this forum since the
> Defendants maintains their primary business office in this District;
> and

e.      A class action can be managed without undue difficulty since the

Defendants has regularly committed the violations complained of

herein and is required to maintain detailed records concerning each

member of the class.

### CLAIMS FOR RELIEF

COUNT I: BREACH OF EMPLOYMENT CONTRACT
(CLASS ACTION – H-2A WORKER CLASS)

65.    Representative Plaintiffs Hector Luna and Julian Garcia and the members

of the Count I class incorporate by reference the allegations set forth above in the

preceding paragraphs.

66.    This count sets forth a claim for damages by Representative Plaintiffs

Hector Luna and Julian Garcia and the members of the Count I class against the

Defendants for their breach of the "rate of pay" provision of the employment contract as

detailed in 20 C.F.R. § 655.102(b)(9)(ii)(A).

67.    The Defendants offered and Representative Plaintiffs Hector Luna and

Julian Garcia and the members of the proposed Count I class accepted employment on

specific terms and conditions.

68.    Among the terms that the Defendants offered and Plaintiffs accepted was

payment of at least the applicable AEWR wage rate for each hour worked.

69.    Representative Plaintiffs Hector Luna and Julian Garcia and the members

of the proposed Count I class are H-2A guestworkers recruited by the Defendants' farm

labor contractors to leave their home villages in Mexico to work at the Defendants'

Georgia vegetable farms.  After receiving a hiring commitment from the Defendants'

farm labor contractors, the members of the proposed Count I class were required to

process their H-2A work visas and travel to the Defendants' Georgia vegetable farms to begin work.

70. The Defendants violated their employment contract with the Plaintiffs and other members of the proposed Count I class by failing to pay them the proper AEWR wage rate for all the work they performed.

71. The violation of the employment contract as set out in paragraphs 44-50 and 70 resulted in part from the Defendants' failure to reimburse the Plaintiffs and the other members of the Count I class for expenses they incurred which were primarily for the benefit of the Defendants to the extent necessary to assure receipt of the AEWR hourly wage rate in the first week of employment of each member of the proposed Count I class.

72. The violation of the employment contract as set out in paragraph 70 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and the other class members so as to raise their individual pay period wages to a rate equal to or exceeding the required AEWR wage rate.

73. The violation of the employment contract as set out in paragraph 70 resulted in part from the Defendants' failure to pay the proper AEWR wage rate for all work compensated on an hourly basis.

74. The violation of the employment contract as set out in paragraphs 70 and 72 resulted in part from the Defendants' maintenance of incomplete, false and inaccurate records of the hours worked by Plaintiffs and other class members.

75. As a direct consequence of the Defendants' breach of the employment contract, the Plaintiffs suffered economic injury.

76.     The Defendants are liable to Plaintiffs for the actual, incidental, and consequential damages which arose naturally and according to the usual course of things from the Defendants' breach, as provided by O.C.G.A. § 13-6-2 and the federal common law of contracts, including unpaid wages, damages arising from the delay, and pre-judgment interest.

### COUNT II:  MIGRANT & SEASONAL AGRICULTURAL WORKER PROTECTION ACT
### (CLASS ACTION – MIGRANT AGRICULTURAL WORKER CLASS)

77.     Representative Plaintiffs Santos Maldonado and Bartolo Nuñez and the members of the Count II class incorporate by reference the allegations set forth in paragraphs 1-50 and 58-64 above.

78.     This count sets forth claims for money damages, declaratory relief and injunctive relief by Representative Plaintiffs Santos Maldonado and Bartolo Nuñez and the other members of the proposed Count II class against the Defendants for their violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

79.     The certifications described in paragraphs 36-42 above constituted a working arrangement between the Defendants and the Plaintiffs and other class members within the meaning of the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

80.     The Defendants violated the AWPA by failing to pay the Plaintiffs and the other members of the Count II migrant agricultural worker class the proper AEWR wage rate for all the work they performed.

81.     The violation of the AWPA as set out in paragraph 80 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and

the other class members so as to raise their individual pay period wages to a rate equal to or exceeding the required AEWR wage rate.

82.     The violation of the AWPA as set out in paragraph 80 resulted in part from the Defendants' failure to pay the proper AEWR wage rate for all work compensated on an hourly basis.

83.     The violation of the AWPA as set out in paragraphs 80 and 81 resulted in part from the Defendants' maintenance of incomplete, false and inaccurate records of the hours worked by Plaintiffs and other class members.

84.     The violation of the AWPA as set out in paragraphs 44-47 and 80 resulted in part from the Defendants' failure to reimburse the Plaintiffs and the other members of the Count II migrant agricultural worker class for expenses they incurred which were primarily for the benefit of the Defendants.

85.     By their actions and omissions described in paragraphs 80-84, the Defendants violated without justification their working arrangement with the Plaintiffs and the other members of the Count II class, thereby violating the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

86.     By their actions and omissions described in paragraphs 80-84, the Defendants failed to pay the Plaintiffs and other members of the Count II class their wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

87.     The Defendants failed to make, keep, and preserve accurate and complete records regarding the Plaintiffs' and the other Count II class members' employment, in

20

violation of the AWPA, 29 U.S.C. § 1821(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a).

88.    The Defendants failed to provide the Plaintiffs and the other Count II class members complete and accurate itemized written statements for each pay period containing the required information, in violation of the AWPA, 29 U.S.C. § 1821(d)(2), and its attendant regulations, 29 C.F.R. § 500.80(d).

89.    The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

90.    As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered damages.

## COUNT III: FAIR LABOR STANDARDS ACT
### (29 U.S.C. § 216(b) COLLECTIVE ACTION)

91.    The Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs.

92.    This count sets forth a claim for declaratory relief and damages for the Defendants' violations of the minimum wage provisions of the Fair Labor Standards Act ("FLSA"). This count is brought by all Plaintiffs on behalf of themselves and other similarly situated farmworkers employed by the Defendants in their Georgia vegetable operations between April 21, 2003 and the present.

93.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs Hector Luna, Julian Garcia, Santos Maldonado and Bartolo Nuñez have consented in writing to be party Plantiffs in this FLSA action.  Their written consents are attached to this complaint.

94.     The Defendants violated the rights of Plaintiffs by failing to pay each worker at least an average of the federal minimum wage ($5.15) for every compensable hour of labor performed in a workweek, in violation of 29 U.S.C. § 206(a).

95.     The violations of the FLSA in this count resulted, in part, from the Defendants' failure to reimburse expenses that were incurred by Plaintiffs primarily for the benefit of the Defendants, prior to the Plaintiffs' first week of work, as described above in paragraphs 45-47 and 69-71.  When these expenses were deducted from Plaintiffs' first week's pay, they brought the Plaintiffs' earnings below the federal minimum wage for that pay period.

96.     As a result of the Defendants' violations of the FLSA set forth in this count, each Plaintiff is entitled to recover the amount of his or her unpaid minimum wages and an equal amount as liquidated damages, pursuant to 29 U.S.C. §216(b).

97.     The Defendants' violations set out in this count were willful within the meaning of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an order:

A.      Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

B.    Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count II;

C.    With respect to the claims set forth in Count III, permitting this case to proceed as a 29 U.S.C. § 216(b) collective action;

D.    Declaring that the Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations, as set forth in Count II;

E.    Declaring that the Defendants willfully violated the minimum wage provisions of the Fair Labor Standards Act as set forth in Count III;

F.    Granting judgment in favor of the Plaintiffs and the other class members against the Defendants under Count I and awarding each of the Plaintiffs and other class members their respective actual, incidental and consequential damages;

G.    Granting Judgment in favor of the Plaintiffs and the other class members against the Defendants under Count II and awarding each of the Plaintiffs and the other class members actual or statutory damages for each violation of the AWPA, whichever is greater;

H.    Permanently enjoining the Defendants from further violations of the AWPA and its attendant regulations;

I.    Granting judgment in favor of the Plaintiffs and all others similarly situated and against the Defendants on their claims under the Fair Labor Standards Act as set forth in Count III and awarding each of

these Plaintiffs and all other similarly situated individuals who opt-in to this action his unpaid minimum and overtime wages and an equal amount in liquidated damages;

J.  Awarding the Plaintiffs the costs of this action;

K.  Awarding Plaintiffs pre- and post-judgment interest as allowed by law;

L.  Awarding the Plaintiffs reasonable attorneys' fees with respect to their Fair Labor Standards Act claims; and

M.  Granting such further relief as is just and equitable

Respectfully submitted this 20th day of April, 2006.

Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
FLORIDA LEGAL SERVICES, INC.
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Telephone:   (561) 582-3921
Facsimile:   (561) 582-4884
Email:      Greg@Floridalegal.org

Mary C. Bauer
Virginia Bar Number 31388
*Pro Hac Vice*
Kelley M. Bruner
Alabama Bar Number 8115-K74B
*Pro Hac Vice*
Andrew H. Turner
Virginia Bar Number 48853
*Pro Hac Vice*
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104
Telephone:   (334) 956-8200
Facsimile:   (334) 956-8481
Email:      mbauer@splcenter.org
            kbruner@splcenter.org
            aturner@splcenter.org

Attorneys for Plaintiffs

☎004 001

## FLSA CONSENT FORM / CONSENTIMIENTO PARA ACCION FLSA

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor

Standards Act. I hereby authorize my attorneys to represent me before any court or agency on

the matter.

NAME

SIGNATURE

DATE

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Por este medio doy mi consentimiento para que se haga demanda para pagos que se me deben

bajo la Ley de Normas Laborales Justas. Autorizo que mis abogados me representen ante

cualquier corte o agencia tocante estos reclamos.

Héctor Luna Arriaga
NOMBRE
Hactor Lunk A
FIRMA
13,11,03
FECHA

## FLSA CONSENT FORM / CONSENTIMIENTO PARA ACCION FLSA

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor

Standards Act.  I hereby authorize my attorneys to represent me before any court or

agency on these claims.

NAME

SIGNATURE

DATE

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Por este medio doy mi consentimiento para que se haga demanda para pagos que se me

deben bajo la Ley de Normas Laborales Justas.  Autorizo que mis abogados me

representen ante cualquier corte o agencia tocante estos reclamos.

Julian Garcia Leija
NOMBRE

Julian Garcia Leija
FIRMA

5/9/05
FECHA

## NOTICE OF CONSENT TO SUE

**I HEREBY CONSENT** to be a party Plaintiff in a lawsuit under the minimum

wage provisions of the Fair Labor Standards Act with respect to labor I performed in the

State(s) of _____ during the year(s) _____.

This _____ day of _____, 200____.

**Signature:** _____

Name         _____

## NOTICIA DE CONSENTIMIENTO PARA DEMANDAR

**YO POR LA PRESENTE DOY CONSENTIMIENTO** a ser partido

Demandante en una demanda bajo las provisiones del salario mínimo de la Acta de

Normas Justas e Iguales con respecto a trabajo que hice en el Estado(s) de _Georgia_

_____ durante el(los) año(s) _04_____.

Este _12-6-04_ día de _12-18-04_____, 200___.

**Firma:** _Santos G Maldonado_____

Nombre    _Santos G maldonado_____

## FLSA CONSENT FORM / CONSENTIMIENTO PARA ACCION FLSA

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims.

_____
NAME

_____
SIGNATURE

_____
DATE

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

Por este medio doy mi consentimiento para que se haga demanda para pagos que se me deben bajo la Ley de Normas Laborales Justas. Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos reclamos.

Bartulu Nuñez Garcia
_____
NOMBRE

_____
FIRMA

16 dic 2005
_____
FECHA

# CIVIL COVER SHEET

**06 - 2101**

℀JS 44  (Rev. 11/05)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**CIV-GRAHAM**

## I. (a) PLAINTIFFS

Hector Luna, Julian Garcia, Santos Maldonado & Bartolo Nunez

**DEFENDANTS**

Del Monte Fresh Produce (Southeast), Inc., and Del Monte Fresh Produce N.A., Inc.

**MAGISTRATE JUDGE SULLIVAN**

(b)  County of Residence of First Listed Plaintiff   Guanajuato, Mexico
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)

Gregory S. Schell
Migrant Farmworker Justice Project, Florida Legal Services
508 Lucerne Avenue, Lake Worth, Florida 33460, (561)-582-3921

Attorneys (If Known)

(d) Check County Where Action Arose:  ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

le  | C6 - 21015 -Cv - Graham | CSu

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Re-filed-
(see VI below)

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES  ☒ NO      b) Related Cases ☒ YES  ☐ NO

JUDGE N/A: Verdugo-Lopez v. Del Monte       DOCKET NUMBER  Filed Simultaneously

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):  **Violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq.**

LENGTH OF TRIAL via  3   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
April 20, 2006

FOR OFFICE USE ONLY
AMOUNT          RECEIPT #          IFP