**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HECTOR LUNA, JULIAN GARCIA, SANTOS MALDONADO and BARTOLO NUÑEZ, individually and on behalf of other similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 06-CV-2000-JEC<br>) |
| DEL MONTE FRESH PRODUCE (SOUTHEAST), INC., and DEL MONTE FRESH PRODUCE N.A., INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT
OF ITS MOTION TO DISQUALIFY
PUTATIVE CLASS REPRESENTATIVES**

### I.   INTRODUCTION

Defendants filed a motion to disqualify putative class representatives Luna, Garcia, and Nuñez based primarily on their refusal to appear for deposition and the uncertainty of whether they would be able to appear at trial. Instead of explaining how these individuals were qualified to act as putative class representatives, Plaintiffs Memorandum of Law in Opposition to Defendants' Motion to Disqualify Putative Class Representatives ("Plaintiffs' Brief") mischaracterizes Defendants' position and attempts to

misdirect the Court. For the reasons set forth in Defendants' initial documents and in this Reply Memorandum, Defendants' Motion should be granted.

## II. PLAINTIFFS LUNA, GARCIA AND NUNEZ ARE NOT ADEQUATE CLASS REPRESENTATIVES.

### A. Defendants' Motion to Disqualify is Not Based Upon the Adequacy of Plaintiffs' Responses to Written Discovery.

Plaintiffs state that they "have already provided extensive responses to Defendants' written discovery . . . " and that "Defendants cannot deny that Luna, Garcia, and Nuñez have already provided responses to Defendants' extensive written discovery requests, including over a hundred pages of interrogatory responses." (Plaintiffs' Brief at 2 and 6). This statement is nothing more than a red herring. Defendants' motion to disqualify is not based upon the inadequacy of the written discovery responses provided by Plaintiffs.[1] Rather, Defendants' motion to disqualify is based upon three putative class representatives improper refusal to appear for deposition in the forum in which they are prosecuting this action purportedly on behalf of hundreds of others. Notably, nowhere in their response do Plaintiffs offer to correct this shortcoming.

---

[1] There are particular areas in which Plaintiffs have failed to provide responses to Defendants' written discovery. Those issues, if appropriate, will be addressed in a separate motion to compel.

**B. Plaintiffs' Alleged Inability To Appear For Deposition and Potentially Trial Renders Them Inadequate As Putative Class Representatives.**

　　1. <u>One Affidavit is Clearly Not Equivalent to Three Depositions.</u>

Plaintiffs have provided an affidavit from only one of the three putative class representatives who refuse to come to this country for deposition (*i.e*., the Luna Affidavit). Clearly, one three-page affidavit is not an adequate substitute for the deposition of not just one, but three putative class representatives. As set forth in detail in Defendants' Memorandum in Opposition to Plaintiffs' Motion for Protective Order, written discovery (including sworn affidavits) are not an adequate substitute for face-to-face oral depositions. <u>See</u> <u>e.g.</u> <u>New Hampshire Motor Tranport Ass'n v. Rowe</u>, 324 F.Supp.2d 231, 236 n. 5 (D. Me. 2004).

　　2. <u>Appearance at Deposition is a Necessary and Reasonable Prerequisite to Being Deemed an Adequate Class Representative.</u>

Plaintiffs have cited three cases for the proposition that availability for, or willingness to participate in, a deposition is not a necessary qualification for a class representative. (Plaintiffs' Brief at 6-7). None of those cases, however, actually reach that conclusion. In <u>In re Insurance Management Solutions Group, Inc. Securities Litigation</u>, 206 F.R.D. 514 (M.D. Fla. 2002), the defendant moved for disqualification of a class

representative on the ground that his perceived lack of subjective interest in the suit amounted to an abdication of his responsibilities as a class representative. Id. at 516-17. The court stated that subjective interest and understanding of the details of the case are not necessary. What is necessary is "the willingness of the class representatives to participate in the action." Id. at 517. The court went on to address the way in which such willingness may be manifested: "This willingness . . . may be expressed by compliance with discovery requests such as answering interrogatories **or showing up for a deposition and answering questions**." Id. (emphasis added). In other words, "willingness" can be demonstrated by responding to discovery requests, including "showing up for a deposition and answering questions." This is precisely the point. In fact, this is precisely what the class representatives did in the other two cases cited by Plaintiffs. In Alfred v. Okeelanta Corp., Inc., 1990 U.S. Dist. LEXIS 21021, at *40 (S.D. Fla. 1990), the class representatives "demonstrated their participation and involvement" in their lawsuit "by appearing at oral argument, **appearing for deposition**, and responding to plaintiffs [sic] interrogatories." Id. (emphasis added). Similarly, in Haywood v. Barnes, 109 F.R.D. 569 (E.D.N.C. 1986), the court found that the class representatives were adequate precisely because 10 of the 13 named class representatives had already given their

depositions. Id. at 579. In any event, the Haywood defendants were seeking to disqualify all 13 named class representatives, not just the three who had not been deposed. Id. at 579-580. Clearly, Plaintiffs have not come anywhere close to the level of participation in their lawsuit which was demonstrated by the class representatives in the cases they cite.

### 3. Plaintiffs Potential Inability to Appear at Trial Underscores Their Inadequacy As Class Representatives.

Furthermore, Luna, Garcia, and Nuñez have nowhere indicated that they will be able to enter this country for the trial of this action. Indeed, Plaintiffs' have argued in their motion for protective order that their ability to enter this country for the trial of this case is now and will remain an uncertain variable. Allegedly, this is the principal reason for their refusal to even attempt entry at this time for their deposition. If Luna, Garcia, and Nuñez cannot represent to the court in good faith that they will be able to attend the trial of this case, they then are not qualified to proceed as the putative class representatives. Weikel v. Tower Semiconductor, Ltd., 183 F.R.D. 377 (D. N. J. 1998)(finding class representative inadequate because of potential delay of trial caused by inability of class representative to commit to being available for trial without significant advance notice).

### C. Defendants' Motion to Disqualify is not Based Upon Luna, Garcia, and Nuñez' Alleged Indigence.

Plaintiffs state: "Defendants further assert that because Plaintiffs Luna, Garcia, and Nuñez are admittedly indigent, they cannot vigorously litigate on behalf of a class they seek to represent." ("Plaintiff's Brief at 12). This is yet another clear misstatement of Defendants' position. Defendants have not claimed that indigence is automatically disqualifying. On the contrary, Plaintiffs themselves have pointed to the indigence of their clients as a primary reason for deviating from the general rule that plaintiffs should be made available for deposition in the forum in which they have filed suit. Plaintiffs, not Defendants, have put the indigence of Luna, Garcia, and Nuñez at issue. Defendants have merely insisted that if Plaintiffs intend to rely upon Luna, Garcia and Nuñez as putative class representatives, Plaintiffs' counsel step up and "assume the costs of this litigation" as they have repeatedly represented they are willing to do. (Plaintiffs' Brief at 12; Amended Complaint at ¶¶ 61, 68).

### D. Defendants' Motion to Disqualify is not Based on the Adequacy of the Immigrant Justice Project as Class Counsel or the Suitability of Class Certification in this Instance.

Plaintiffs state that they are "represented by the Immigrant Justice Project of the Southern Poverty Law Center (SPLC) which has been declared adequate counsel in numerous class actions, including two recently-certified AWPA class action on behalf of indigent guest workers." (Plaintiffs' Brief at 12). This is all well and good. However, Defendants have not challenged the adequacy of SPLC as class counsel. Rather, Defendants simply request that the SPLC live up to its representations and "assume the costs of this litigation," one of which is the cost of travel for putative class representatives to personally appear for depositions.

Plaintiffs then claim that "[n]umerous courts, including this one, have found class actions particularly suitable for managing employment-based claims asserted by migrant workers, including guestworkers . . . ." (Plaintiffs' Brief at 11). Plaintiffs have placed the cart before the horse. Defendants' Motion concerns the qualification of three individuals to serve as class representatives and nowhere addresses the larger and much more complex issues related to certification. Class certification issues will be addressed later after discovery is completed. The issue now is simply the

qualification – or more appropriately lack thereof -- of three of six putative class representatives.

### E. The Adequacy of Class Representatives is Always Ripe for Consideration by the Court.

Courts have an ongoing obligation at each stage of the litigation to ensure that the class representatives are adequate in terms of Rule 23(a)(4). <u>Council 31 American Federation of State, County and Municipal Employees</u>, 1990 WL 103226, at *3, n.4 (N.D. Ill. 1990).  As a trustee for absent parties, courts must evaluate the class representatives conduct over the course of the entire litigation.  <u>Robin v. Doctors Officecenters Corp.</u>, 123 F.R.D. 579, 580 (N.D. Ill. 1988).  This evaluation is always appropriately prospective in nature because of the need to make certain, as far as possible, that the putative class is adequately protected during the entire course of the litigation.   Clearly, nothing can be gained by proceeding with putative class representatives who do not meet the threshold requirements of Rule 23(a)(4).

### F. Defendants Have Not Mischaracterized Plaintiffs' Position on Discovery Related to Luna, Garcia, and Nuñez.

Plaintiffs assert that "Defendants' Motion mischaracterizes Plaintiffs' position on discovery related to Luna, Garcia, and Nuñez." (Plaintiffs' Brief at 2).  Plaintiffs' position on this issue could not be any clearer:  Luna, Garcia, and Nuñez will not be made available for deposition in this forum or

8

anywhere in the United States. Indeed, Plaintiffs have filed a motion for protective order on that exact issue. There statements then are nothing more than a blatant attempt to mislead the Court.

## III. CONCLUSION

Plaintiffs have admitted that Luna, Garcia, and Nuñez are likely not going to be able to appear at trial and argue that they cannot appear for deposition because of their respective financial situations. These Plaintiffs should not be permitted to assert their indigence as a shield against reasonable discovery when their counsel has gone on record as being prepared to assume the costs of this litigation, while at the same time being deemed adequate to represent a putative class. Plaintiffs notably failed to refute Defendants' arguments supporting their disqualification. Rather, they erected and knocked down straw men. Based on the foregoing and Defendants' Motion and original Memorandum of Law, Defendants Motion to Disqualify should be granted.[2]

DATED this 13th day of November 2006.

---

[2] Pursuant to Local Rule 7.1D, the undersigned certifies that this pleading complies with the font and point selections permitted by Local Rule 5.1B. This Memorandum was prepared on a computer using the Times New Roman 14 point typeface.

/s/ *Jacqueline E. Kalk*
Jacqueline E. Kalk
Georgia Bar No. 406238
Bradley E. Strawn, Esq.
Georgia Bar No. 4419
Latesa K. Bailey
Florida Bar No. 527688
LITTLER MENDELSON, P.C.
3348 Peachtree Road N.E.
Suite 1100
Atlanta, Georgia 30326-1008
Phone: (404) 233-0330
Email: jkalk@littler.com

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

This is to certify that I have this 13th day of November 2006, served opposing counsel via the electronic filing system:

Mary C. Bauer, Esq.
Kelley M. Bruner, Esq.
Andrew H. Turner, Esq.
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama  36104

/s/ Jacqueline E. Kalk
Jacqueline E. Kalk

Firmwide:81659695.1 035892.2013