IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



HECTOR LUNA, JULIAN GARCIA,
FRANCISCO JAVIER LORENZO,
SANTOS G. MALDONADO, PATRICIA
WOODARD and BARTOLO NUNEZ,
Individually and on behalf of
all others similarly situated,

        Plaintiffs,

  v.

DEL MONTE FRESH PRODUCE
(SOUTHEAST), INC., and DEL
MONTE FRESH PRODUCE N.A.,
INC.,

        Defendants.

CIVIL ACTION NO.

1:06-CV-2000-JEC

## O R D E R   &   O P I N I O N

This case is presently before the Court on defendants' Motion to Disqualify Putative Class Representatives [61], plaintiffs' Motion for Protective Order [62], defendants' Motion to Compel  Damages Information [78], defendants' Motion to Strike [87], defendants' Motion to Compel Documents and Records from Third-Parties [89], defendants' Motion to Disqualify Plaintiff Lorenzo [90], plaintiffs' Motion · for  Protective  Order  Deferring  Depositions  of  Non-Representative Class Members [92], plaintiff's Motion for Leave to File Sur-Reply [111], plaintiff's Motion to Compel Responses to Requests for Production [118], and plaintiff's Motion to Compel

Interrogatory Responses [119].

The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion to Disqualify Putative Class Representatives [61] should be **DENIED,** plaintiffs' Motion for Protective Order [62] should be **GRANTED,** defendants' Motion to Compel Damages Information [78] should be **DENIED,** defendants' Motion to Strike [87] should be **DENIED,** defendants' Motion to Compel Documents and Records from Third Parties [89] should be **GRANTED,** defendants' Motion to Disqualify Plaintiff Lorenzo [90] should be **DENIED,** plaintiffs' Motion for Protective Order Deferring Depositions of Non-Party Class Members [92] should be **DENIED,** plaintiff's Motion for Leave to File Sur-Reply [111] should be **GRANTED,** plaintiffs' Motion to Compel Responses to Requests for Production [118] should be **DENIED as withdrawn,** and plaintiffs' Motion to Compel Interrogatory Responses [119] should be **GRANTED.**

<u>**BACKGROUND**</u>

Plaintiffs are migrant and seasonal agricultural laborers who worked on defendants' Georgia farms at various times during the 2003, 2004, 2005 and 2006 harvest seasons. (Second Amended Compl. [106] at ¶ 1.). Plaintiffs were recruited to work on defendants' farms by third-party farm labor contractors. (*Id.* at ¶ 3.) Plaintiffs Luna, Garcia, and Lorenzo were recruited from Mexico pursuant to the

2

temporary agricultural work visa program commonly known as the "H-2A program." (*Id.* at ¶ 4.)  Plaintiffs Maldonado, Woodard and Nunez were recruited from within the United States. (*Id.* at ¶ 5.)

Plaintiffs allege that defendants:  1) failed to pay the promised wage rate for all hours worked on their Georgia farms; 2) failed to reimburse plaintiffs for costs that they incurred in order to work on defendants' farms; and 3) violated federal laws governing the wages and working conditions of migrant and seasonal agricultural workers. (*Id.* at ¶ 6.)  They filed this lawsuit as a class action on behalf of two distinct classes of workers:  1) H-2A guest-workers recruited from Mexico; and 2) non-H-2A migrant and seasonal agricultural workers recruited from within the United States. (Second Amended Compl. [106] at ¶¶ 4-5.)  All plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). (*Id.* at ¶ 7.)  The H-2A workers also assert claims for breach of contract. (*Id.*)  The non-H-2A workers assert claims for breach of the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §§ 1801-1871 ("AWPA"). (*Id.*)

The parties agreed to a bifurcated discovery schedule, with the first stage of discovery to be focused on the issue of defendants' status as plaintiffs' employer.[1] (Scheduling Order [66].)  Although

---

[1] Defendants contend that plaintiffs were employed solely by the farm labor contractors who recruited plaintiffs. (Answer [112] at ¶¶

3

the parties have exchanged substantial information concerning the employment issue, the first stage of discovery has been stalled by numerous discovery disputes that the parties have been unable to resolve by agreement.[2]  The main dispute involves the proper location for the depositions of class representatives who are Mexican nationals and whose immigration status makes travel to the United States difficult. (*See* Defs.' Mot. to Disqualify [61] and Pls.' Mot. for Protective Order [62].)  The parties have both filed motions related to this issue, along with numerous other motions related to additional discovery disputes.  All of these motions are currently before the Court.

## DISCUSSION

### I.   Depositions of Mexican Class Representatives

The parties' main dispute concerns the location of the depositions of plaintiffs Hector Luna, Julian Garcia, and Bartolo Nunez.  (*See* Defs.' Mot. to Disqualify [61] and Pls.' Mot. for Protective Order [61].)[3]  Defendants noticed all three of these

_____

3-4; Answer [113] at ¶¶ 3-4.)

   [2] The parties requested and received an extension of the first stage of discovery, which is now scheduled to end on May 22, 2007. (Joint Mot. to Extend Bifurcated Discovery Period [72] and Amended Scheduling Order [80].)

   [3] Defendants have filed a motion to strike plaintiffs' reply brief in support of plaintiffs' motion for protective order because it exceeds the page limitations. (Defs.' Mot. to Strike [87].)  The

4

depositions for Atlanta.   (Pls.' Mot. for Protective Order [62] at Ex. 1.)   Upon receipt of the deposition notices, plaintiffs informed defendants that Luna, Garcia, and Bartolo reside in Mexico, and have limited ability to travel to the United States.   (*Id.* at Ex. 2.) They suggested that defendants conduct the depositions in Mexico, or by alternative means such as telephone or video-conference.   (*Id.*) Defendants responded that they were willing to take the depositions in another city in the United States, but unwilling to travel to Mexico or use alternative means to obtain plaintiffs' testimony. (*Id.* at Exs. 3 and 7.)

Ordinarily, a defendant is entitled to depose a plaintiff in the forum where the plaintiff has chosen to sue.   *See McGinley v. Barratta,* 2006 WL 2346301 *1 (E.D. Pa. 2006)("Normally, a plaintiff will be required to make himself or herself available for examination in the district in which the suit was brought because the plaintiff selected the forum.") and *Grey v. Cont'l Mktg. Assoc., Inc.,* 315 F. Supp. 826, 832 (N.D. Ga. 1970)("plaintiffs, however, who selected the forum . . . may therefore be called upon to present themselves at that place for the taking of their depositions").   However, Rule 26

---

Court **DENIES** defendants' motion [87] and **GRANTS** plaintiffs' request to exceed the page limitations.   Defendants also move to strike the declaration of Bartolo Nunez, which was attached to plaintiffs' reply.   The Court has not considered the Nunez declaration in ruling on plaintiffs' motion.   Accordingly, the Court **DENIES** defendants' motion to strike the declaration as moot.

AO 72A
(Rev.8/82)

authorizes the Court to order that a plaintiff's deposition be taken
in a different location, or by alternative means, if justice so
requires.   *See* FED. R. CIV. P. 26(c)(2).   Thus, if a plaintiff
demonstrates hardship or burden that outweighs any prejudice to the
defendant, the general rule requiring a plaintiff to appear for
deposition in the forum "may yield to the exigencies of the
particular case."   *Abdullah v. Sheridan Square Press, Inc.,* 154
F.R.D. 591, 592 (S.D.N.Y. 1994)(ordering defendants to depose
plaintiff in London, where plaintiff lived, as opposed to New York,
where the action was filed).   *See also DePetro v. Exxon Inc.,* 118
F.R.D. 523, 525 (M.D. Ala. 1988)(requiring defendant to obtain oral
discovery from non-resident plaintiff by either telephone or written
interrogatories).   Plaintiffs Luna, Garcia, and Nunez are migrant
farm workers of extremely limited means. (Pls.' Mot. for Protective
Order [62] at Exs. 6 and 8.)   When their H-2A visas expired, Luna,
Garcia and Nunez returned to their homes in Mexico. (*Id.* at 1-2, Ex.
6.)   It is not only prohibitively expensive for these workers to
travel to the United States for depositions, it is also potentially
impossible due to their immigration status. (*Id.* at Exs. 4 and 5.)
Because plaintiffs are poor, it is unlikely that they will be granted
a tourist visa or other temporary permission to enter the United
States.   (*Id.*)   Moreover, if plaintiffs apply for a visa and are
denied, they may be barred from re-applying for a significant period

6

of time, which could affect their ability to appear at trial. (*Id.*) Plaintiffs plan to seek humanitarian parole for purposes of participating in the trial. (Pls.' Mot. for Protective Order [62] at 10.) However, humanitarian visas, which are issued sparingly, are not generally granted for purposes of providing deposition testimony. (*Id.* at Ex. 4.) Plaintiffs understandably want to save this option for trial. (*Id.* at 10.)

As opposed to the difficulty plaintiffs will have traveling to the United States, it is relatively simple for defendants to travel to Mexico to conduct the depositions. Business visitors from the United States do not even need a visa to travel to Mexico, as long as they do not intend to stay longer than 30 days. (*Id.* at 18 (citing travel regulations found on the U.S. State Department website).) In addition, plaintiffs have offered to pay any differential costs associated with conducting the depositions in Mexico, including the cost of airfare and accommodations in Mexico for two attorneys and a court reporter. (*Id.* at Ex. 2.)

Defendants do not offer any countervailing considerations that mitigate in favor of requiring plaintiffs to appear in Atlanta or the United States for depositions. (*See generally*, Defs.' Response to Pls.' Mot. for Protective Order [68].) Apparently, defendants simply prefer to conduct the depositions in the United States, and believe they are entitled to do so because of the general rule that a

7

plaintiff is required to appear for deposition in the forum. (*Id.*)
Under the special circumstances of this case, defendants' preference
for conducting depositions in the forum is substantially outweighed
by the difficulty and expense plaintiffs would incur in order to
appear for the depositions. Accordingly, the Court **GRANTS**
plaintiffs' motion for protective order [62] and **DENIES** defendants'
motion to disqualify [61].

After conferring with plaintiffs, defendants may notice the
depositions of Luna, Garcia, and Bartolo at a mutually agreeable city
in Mexico. Plaintiffs should bear the differential cost of
conducting the depositions in Mexico, including airfare and lodging
for two attorneys and a court reporter, but not including any
attorneys' fees. In the alternative, defendants may: 1) depose
plaintiffs by telephone or video-conference pursuant to Rule 30(b)(7)
of the Federal Rules of Civil Procedure or 2) depose plaintiffs by
written questions pursuant to Rule 31 of the Federal Rules of Civil
Procedure.[4]

---

[4] The third option offered--to depose plaintiffs in Atlanta
within 10 days of trial, when plaintiffs intend to be here to prepare
for trial--is not practical as trials of civil cases are not always
firmly set and can shift from calendar to calendar. The Court will
allow defendants to pursue this third option, however, with the above
caveat.

AO 72A
(Rev.8/82)

## II.  Defendants' Motion to Compel Damages Information[5]

Defendants have filed a motion to compel plaintiffs to provide more detailed damages information.  (Defs.' Mot. to Compel Damages Information [78].)  Specifically, defendants seek a numeric computation of claimed damages as required by Rule 26(a)(1)(C) and requested by defendants in written discovery.  (Defs.' Br. in Supp. of Mot. to Compel [79] at 2.)  See FED. R. CIV. P. 26(a)(1)(C) (requiring parties to disclose a "computation of any category of damages").

Plaintiffs' initial disclosures, which contained a proposed formula for calculating damages but not an actual computation of damages, did not fully comply with Rule 26(a)(1)(C).  (Defs.' Br. [79] at Ex. B.)  What defendants neglect to explain in their motion to compel, however, is that plaintiffs agreed to supplement their initial disclosures with the required calculation as soon as plaintiffs received full access to defendants' payroll records. (Pls.' Response to Defs.' Mot. to Compel [96] at Ex. 2.)  Apparently plaintiffs agreed to allow defendants to produce the payroll records several weeks late, resulting in a corresponding delay in plaintiffs'

---

[5] Plaintiffs have filed a motion to submit a sur-reply in connection with defendants' motion to compel.  (Pls.' Mot. to File Sur-Reply [111].)  Defendants have not responded to plaintiffs' motion.  Accordingly, plaintiffs' motion to file a sur-reply [111] is **GRANTED as unopposed.**  The Court will consider the sur-reply in deciding defendants' motion to compel.

AO 72A
(Rev.8/82)

ability to provide a precise computation of damages. (Pls.' Response to Defs.' Mot. to Compel [96] at Ex. 2.)  Plaintiffs have now supplemented their initial disclosures to provide damages calculations for plaintiffs Lorenzo, Maldonado, Luna, Garcia-Lejia, and Nunez-Garcia. (*Id.* at Ex. 5.)  As defendants have received the information that is the subject of their motion, defendants' motion to compel [78] is **DENIED** as to these plaintiffs.

In their reply, defendants contend that plaintiffs still have not provided damages calculations for plaintiff Woodard. (Defs.' Reply [108] at 2.)  Plaintiff Woodard was not added as a class representative until the Court granted plaintiffs' Second Motion to Amend on January 8, 2007. Her initial disclosures were therefore due on February 7, 2007. FED. R. CIV. P. 26(a)(1). Defendants' motion to compel, filed on November 29, 2006, was premature as to Woodard, and is **DENIED**. The Court presumes that by this time plaintiffs have submitted initial disclosures, including precise damages calculations, for Woodard.

Defendants also complain that they have not received precise calculations concerning opt-in FLSA plaintiffs or putative class members. (Defs.' Reply [108] at 2.)  The Court has not certified a class under Rule 23, or certified this litigation as a collective action under the FLSA. The named representative plaintiffs are therefore the only "parties" subject to the mandatory disclosure

10

requirements of Rule 26(a)(1).   *See* FED. R. CIV. P. 26(a)(1).
Moreover, defendants' discovery requests were directed only to named
representative plaintiffs.   (*See* Defs.' Br. [79] at 7-8 and Ex. C.)
Defendants cannot compel the production of information they have not
even bothered to ask plaintiffs to produce voluntarily.   Accordingly,
defendants' motion to compel more detailed damages information
concerning unnamed opt-in or Rule 23 plaintiffs is **DENIED**.

### III. Defendants' Motion to Compel Records and Documents from Third-Parties

Defendants also have filed a motion to compel records and
documents from third-party farm labor contractors Margarita Rojas
Cardenas and Letisia Rojas Salazar.   (Defs.' Mot. to Compel [89].)
Plaintiffs identified Cardenas and Salazar in their initial
disclosures as individuals with relevant information.   (*Id.* at 2.)
Defendants subsequently issued subpoenas to Cardenas and Salazar
pursuant to Rule 45.   (*Id.* at Exs. A and B.)   The subpoenas directed
Cardenas and Salazar to produce documents and records concerning
individuals recruited to work on defendants' Georgia farms.   (*Id.*)

Defendants personally served Salazar with the subpoena at her
place of residence in McRae, Georgia on October 4, 2006.   (*Id.* at Ex.
A.)   On the same date, defendants personally served Cardenas with the
subpoena at her place of residence in Lyons, Georgia.   (Defs.' Mot.
to Compel [89] at Ex. B.)   In addition to the subpoenas, the process

11

server provided Salazar and Cardenas with correspondence from defendants' counsel explaining how to respond to the subpoenas and offering to pay any shipping costs associated with the production. (*Id.* at Exs. A and B.)  Neither Salazar nor Cardenas responded to the subpoenas.

Out of an abundance of caution, and to ensure that Salazar and Cardenas had actually received the subpoenas, defendants personally served Salazar and Cardenas with the subpoenas a second time on October 19, 2006.  (*Id.* at Exs. C and D.)  The process server again provided Salazar and Cardenas with additional correspondence from defendants' counsel explaining how to respond, clarifying the response date, and providing a Federal Express account number to cover shipping expenses. (*Id.*)  Again, neither Salazar nor Cardenas responded to the subpoenas.

Salazar and Cardenas likely possess documents that will assist in determining defendants' status as plaintiffs' employer. Defendants complied with all of the requirements of Rule 45 in attempting to obtain these documents.  Salazar and Cardenas have neither  produced any documents, nor filed any objections to the subpoenas.  Instead, they have simply ignored the subpoenas.  Under the circumstances, defendants' motion to compel production of the requested documents should be **GRANTED** pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure.   *See* Fed. R. Civ. P.

12

45(c)(2)(B) (permitting the party requesting documents to move for an order to compel production).

## IV.   Defendants' Motion to Disqualify Class Representative Lorenzo

Finally, defendants have filed a motion to disqualify plaintiff Lorenzo as a result of his refusal to answer deposition questions concerning his activities following his employment on defendants' farms. (Defs.' Mot. to Disqualify [90].)  Defendants deposed Lorenzo on November 20, 2006.   (*Id.* at Ex. A.)   During the deposition, Lorenzo invoked the Fifth Amendment and refused to answer questions concerning:   1) his employment after June, 2006, when he left defendants' Georgia farms; 2) his anticipated future work and residence; and 3) his plans to either return to Mexico or have his H-2A visa extended.  (*Id.*)  Defendants argue that Lorenzo's refusal to provide this discovery, and the fact that he is likely subject to deportation, render him an inadequate class representative under Rule 23(a).  (*Id.* at 7.)

Defendants' argument is premature.   Pursuant to defendants' request, the Court has postponed consideration of plaintiffs' motion for class certification under Rule 23 and collective action certification under the FLSA.  (*See* Defs.' Motions for Enlargement of Time [93] and [82]; Order [105].)   When the Court rules on plaintiffs' motion, it will consider all of the requirements of Rule 23(a), including:  1) numerosity; 2) commonality; 3) typicality; and

13

4) whether the representative parties, including Lorenzo, will fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a) and *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003)(discussing the requirements of Rule 23(a)). The piecemeal analysis that defendants propose is not efficacious or fair to plaintiffs. Accordingly, defendants' motion to disqualify Lorenzo is **DENIED** at this time.

The Court notes, however, that at least some of the information Lorenzo refused to provide is discoverable and may be highly relevant to the defense of plaintiffs' claims. As part of their claim, for example, plaintiffs seek to recover expenses they incurred "for the benefit of defendants." (Second Amended Compl. [106] at ¶ 6.) These expenses include the costs of visa processing and travel to the United States. (*Id.* at ¶ 48.) If Lorenzo worked for another employer while in the United States on the H-2A visa that he acquired in order to work for defendants, then at least some of the expenses he incurred in obtaining the visa and traveling to the United States did not inure to defendants' benefit and may not be recoverable in this lawsuit.

As plaintiffs themselves have repeatedly stressed, the Federal Rules contemplate liberal and permissive discovery of relevant information. *See* FED. R. CIV. P. 26(b). Evidence does not have to be admissible at trial to be relevant under Rule 26; it simply has to be

14

"reasonably calculated to lead to the discovery of admissible evidence." *Id.* Under the permissive standard of Rule 26, Lorenzo's work history and activities after he left defendants' farms in June, 2006 are legitimate areas of inquiry despite the danger that Lorenzo's answers might reveal damaging information concerning his immigration status. *See Galaviz-Zamora v. Brady Farms, Inc.,* 230 F.R.D. 499, 502-503 (W.D. Mich. 2005)("While Defendants are not entitled to discover information regarding Plaintiffs' immigration status, Defendants are entitled to discover information regarding Plaintiffs' work history as such is clearly relevant to the issues raised by Plaintiffs' claims").

If Lorenzo is unwilling to provide information concerning his work history and whereabouts following June, 2006, even under the protection of the recent stipulated protective order, it is not likely that he will be able to adequately represent the class. The Court will consider this issue when it rules on plaintiffs' motion for class certification.

## V.   Plaintiffs' Motion for Protective Order to Defer Depositions of Non-Representative Class Members

Plaintiffs have filed a motion for protective order to defer the depositions and other individualized discovery of FLSA opt--in plaintiffs Adolfo Gomez and Aristeo Camacho-Grimaldo. (Pls.' Mot. for Protective Order [92].)   Defendants noticed these depositions

15

after Gomez and Camacho-Grimaldo submitted declarations in support of plaintiffs' motion for class certification. (*Id.* at 4.) Plaintiffs do not object to defendants conducting some form of discovery with a sample of non-representative class members at a later stage in the proceedings. (*Id.* at 4-5.) But plaintiffs contend that, as "absent members" of the FLSA opt--in class, Gomez and Camacho-Grimaldo are not subject to discovery at this stage of the litigation. (*Id.*) Plaintiffs argue, further, that deposing Gomez and Camacho-Grimaldo would be "duplicative, unnecessary, and burdensome." (*Id.* at 4.)

It is generally improper, under Rule 23, to permit individualized discovery directed towards absent or passive class members. *See Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1556 (11th Cir. 1986). Individualized discovery is thought to thwart the efficiencies of a class action and place "undue burdens on the absent class members." *Collins v. Int'l Dairy Queen,* 190 F.R.D. 629, 631 (M.D. Ga. 1999). *See also In re Carbon Dioxide Indus. Antitrust Litig.,* 155 F.R.D. 209, 212 (M.D. Fla. 1993)("Absent a showing of . . . particularized need, the Court will not permit general discovery from passive class members.") and *McCarthy v. Paine Webber Group, Inc.,* 164 F.R.D. 309, 313 (D. Conn. 1995)("Discovery of absent class members, while not forbidden, is rarely permitted due to the facts that absent class members are not 'parties' to the action, and that to permit extensive discovery would defeat the purpose of class

16

actions which is to prevent massive joinder of small claims."). It is particularly inappropriate to dismiss an absent class member's claim for non-compliance with a discovery order. *Cox,* 784 F.2d at 1557. As the Eleventh Circuit explained in *Cox,* that procedure "amounts to no more than an affirmative opt-in device" that is contrary to Rule 23. *Id.*

Plaintiffs Gomez and Camacho-Grimaldo, however, are not absent members of a Rule 23 class action, but opt-in plaintiffs under § 216(b) of the FLSA. (Pls.' Mot. for Protective Order [92] at ¶ 4.) Having opted into the litigation, Gomez and Camacho-Grimaldo are not "passive" in the same sense as absent Rule 23 class members. *See Gonzales v. Hair Club for Men, Ltd., Inc.,* 2007 WL 1079291 (M.D. Fla. 2007)("'[I]n contrast to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs.'")(quoting *Cameron-Grant v. Maxim Healthcare Serv., Inc.,* 347 F.3d 1240, 1249 (11th Cir. 2003)). In addition, Gomez and Camacho-Grimaldo have done more than simply opt into the FLSA action: they both filed declarations in support of plaintiffs' motion for class certification. (Pls.' Reply in Supp. of Mot. to Compel [110] at 3.) Gomez and Camacho-Grimaldo have thus chosen to take an active role in the litigation.

Under the circumstances, the Court finds that some limited discovery of Gomez and Camacho-Grimaldo is appropriate. Defendants

17

propose depositions of Gomez and Camacho-Grimaldo "solely for purposes of responding to [p]laintiffs' class certification motion"-- a reasonable request. (Defs.' Response to Pls.' Mot. for Protective Order [103] at 2.) Accordingly, plaintiffs' motion for a protective order deferring the depositions of Gomez and Camacho-Grimaldo is **DENIED.** However, to lessen the burden on Gomez and Camacho-Grimaldo, the Court will require these depositions to be taken at the place of Gomez and Camacho-Grimaldo's residence, or at a location chosen by plaintiffs' counsel. Apparently, Camacho-Grimaldo has returned to Mexico. (Pls.' Mot. for Protective Order [92] at 15.) Thus, if defendants wish to depose Camacho-Grimaldo, they will have to travel to Mexico.

Plaintiffs have expressed some concern that if the Court permits the depositions of Gomez and Cramacho-Grimaldo, defendants will begin to unilaterally notice other opt-in plaintiffs and non-representative class members. (*Id.*) Apparently, defendants' standard practice throughout discovery has been to unilaterally notice depositions without consulting plaintiffs' counsel. (*Id.* at Ex. 5.) The Court agrees with plaintiffs that common professional courtesy requires at least an effort on the part of defendants to determine mutually agreeable dates and locations before noticing depositions. (*Id.*) If defendants will consult with plaintiffs instead of unilaterally noticing depositions, many of the disputes that have arisen thus far

18

can be avoided in the future.

The Court notes, further, that it will not be inclined to grant any requests from defendants to depose additional opt-in plaintiffs or absent Rule 23 class members at this stage in the litigation. Defendants' request to depose Gomez and Camacho-Grimaldo is reasonable because it is limited in scope and warranted by Gomez and Camacho-Grimaldo's active participation in the case. It is not likely that defendants will be able to justify the depositions of other opt-in plaintiffs or absent class members.

## VI. Plaintiffs' Motion to Compel Interrogatory Responses

Plaintiffs have also filed a motion to compel responses to interrogatories requesting: 1) the facts upon which defendants rely in denying certain paragraphs of the Complaint; and 2) the facts upon which defendants rely in asserting several affirmative defenses. (Pls.' Mot. to Compel [119].) Defendants object on the basis that the interrogatories seek attorney work product information and/or legal conclusions. (Defs.' Response to Pls.' Mot. to Compel [124].) Defendants argue, further, that plaintiffs' requests are an improper use of "contention interrogatories." (*Id.* at 2.)

Plaintiffs' interrogatories are overly broad to the extent they request "all" facts in support of defendants' assertions. As plaintiffs clarify in their reply brief, however, they are only seeking a general description of the factual basis of defendants'

19

affirmative defenses and denials.   (Pls.' Mot. to Compel [119] and
Pls.' Reply in Supp. of Mot. to Compel [132].)    So limited,
plaintiffs' interrogatories are proper.  *See Grynberg v. Total S.A.,*
2006 WL 1186836 *7 (D. Colo. 2006) ("It is proper . . . to inquire
about the material facts supporting specific factual matters raised
in the pleadings.") and *Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D.
403, 405 (D. Kan. 1998)("Interrogatories may . . . properly ask for
the 'principal or material' facts which support an allegation or
defense").

Contrary to defendants' argument, the interrogatories at issue
are not protected by the work product doctrine.  *See Dunkin' Donuts
Inc. v. Mary's Donuts, Inc.,* 206 F.R.D. 518, 521 (S.D. Fla.
2002)("Defendants seek only the facts supporting plaintiffs' claim .
. ., which is not privileged from discovery as work product") and FED.
R. CIV. P. 33(c) ("An interrogatory otherwise proper is not
necessarily objectionable merely because an answer to the
interrogatory involves an opinion or contention that relates to fact
or the application of law to fact").   Neither are they premature.
The parties have engaged in extensive discovery focused solely on
defendants' status as plaintiffs' employer, which is the subject of
the interrogatories.   By this point in time, defendants should be
able to at least provide a brief description of the factual basis
underlying their denials and affirmative defenses related to the

20

employment issue. Accordingly, the Court **GRANTS** plaintiffs' motion to compel [119]. Defendants should provide a more detailed response to plaintiffs' interrogatories as soon as possible, but no later than **May 31, 2007.**

### VII. Plaintiffs' Motion to Compel Documents and the Parties' Joint Motion for a Protective Order

Finally, plaintiffs have filed a motion to compel more detailed responses to several document requests concerning: 1) defendants' organizational structure, operations, and earnings; 2) defendants' relationship with each other and with various farm labor contractors; and 3) contact information for defendants' employees. (Pls.' Mot. to Compel [118].) Defendants produced some responsive documents, but withheld certain documents on grounds of confidentiality. (Defs.' Response to Pls.' Mot. to Compel [125].) The parties were recently able to agree to a stipulated protective order that addresses defendants' confidentiality concerns. (Joint Mot. for Stipulated Protective Order [129] at Ex. 1.) They have filed a joint motion asking the Court to sign and enter the protective order, which this Court previously entered.

In the joint motion, plaintiffs indicated that the stipulated protective order would allow them to withdraw their motion to compel documents. Accordingly, plaintiffs' motion to compel [118] is **DENIED** as withdrawn.

21

### CONCLUSION

For the foregoing reasons, the Court finds that defendants'
Motion to Disqualify Putative Class Representatives [61] should be
**DENIED**, plaintiffs' Motion for Protective Order [62] should be
**GRANTED**, defendants' Motion to Compel Damages Information [78] should
be **DENIED**, defendants' Motion to Strike [87] should be **DENIED**,
defendants' Motion to Compel Documents and Records from Third Parties
[89] should be **GRANTED**, defendants' Motion to Disqualify Plaintiff
Lorenzo [90] should be **DENIED**, plaintiffs' Motion for Protective
Order Deferring Depositions of Non-Party Class Members [92] should be
**DENIED**, plaintiff's Motion for Leave to File Sur-Reply [111] should
be **GRANTED**, plaintiffs' Motion to Compel Responses to Requests for
Production [118] should be **DENIED as withdrawn**, and plaintiffs'
Motion to Compel Interrogatory Responses [119] should be **GRANTED**.

The Court previously temporarily granted defendants' motion for
an extension of time to respond to plaintiffs' motions for class and
collective action certification.   (Order [105].)   Defendants
requested the extension, in part, to give the Court an opportunity to
resolve numerous outstanding discovery disputes.   (*See* Mot. for
Extension [82] at 2.)   Having ruled on those disputes, defendants'
response is now ripe.   The Court directs the parties to advise the
Court whether they wish to proceed first on the class motion or on

22

the summary judgment motions.  They shall so advise the Court by **May 25, 2007**.  If the former, the Court will direct a prompt response by defendants to the class certification motion.

SO ORDERED, this __18__ day of May, 2007.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)