IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 29 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

HECTOR LUNA, et al.,

    Plaintiffs,

v.

DEL MONTE FRESH PRODUCE
COMPANY, INC., et al.,

    Defendants.

CIVIL ACTION NO.
1:06-CV-2000-JEC

## ORDER

The Court has received and filed the May 25, 2007 letter from defense counsel, Jacqueline E. Kalk, [146] regarding the above entitled action.

The parties have agreed that the Court should make a determination as to whether either defendant employed any of the various plaintiff classes prior to either party seeking a ruling or otherwise briefing class and/or collective action certification. Plaintiffs have agreed to withdraw their pending motions for class certification, subject to the defendants' agreement to toll the statute of limitations as it relates to the FLSA claims. The parties further agree that any motions related to collective and/or class certification shall be filed 45 days after the Court rules on motions regarding the employer issue. Presumably, a granting of defendants'

anticipated motions for summary judgement on employer status would precipitate an appeal by plaintiff to the Eleventh Circuit, not a motion for class certification. The parties also agree that once the plaintiffs are able to identify dates for the depositions to take place in Mexico, the parties shall file a stipulation with the Court on these issues and a mutually agreeable deadline for filing the summary judgment motions on the question of employer status.

IT IS HEREBY ORDERED that the parties are directed to submit, within **THIRTY (30)** days from the date of this Order, a revised scheduling order, setting out the time when depositions in Mexico are expected to be concluded and a suggested time for the filing of the summary judgment motions concerning the status of the defendants as employers. The parties have agreed that plaintiffs' withdrawal of plaintiffs' Motion for Certification of Class Action [73] and plaintiffs' Motion for Preliminary Certification of a Collective Action and Court-Authorized Notice [84], until the defendant's status as an employer can first be determined, is subject to defendant's agreement to toll the statute of limitations as it relates to the FLSA claims.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** plaintiffs' Motion for Certification of Class Action [73] and plaintiffs' Motion for Preliminary Certification of a Collective Action and Court-Authorized Notice [84], with the proviso that this denial is

2

conditioned on defendant's agreement to toll the statute of limitations, as agreed to by the parties. Any motion for class certification shall be filed within **FORTY-FIVE (45)** days after the Court rules on motions concerning the employer issue, unless the Court grants the defendants' motions for summary judgment.

SO ORDERED, this 29 day of MAY, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)