IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HECTOR LUNA, JULIAN GARCIA,
FRANCISCO JAVIER LORENZO,
SANTOS MALDONADO, PATRICIA
WOODARD and BARTOLO NUNEZ
individually and on behalf of others
similarly situated,,

        Plaintiff,

v.

DEL MONTE FRESH PRODUCE
(SOUTHEAST), INC.,

        Defendant.

CASE NO. 1:06-cv-2000-jec

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PERMISSIVE JOINDER

     COME NOW named Plaintiffs Hector Luna, Julian Garcia, Francisco Javier Lorenzo, Santos Maldonado, Patricia Woodard and Bartolo Nuñez who respectfully move for the permissive joinder of additional Plaintiffs, pursuant to Federal Rule of Civil Procedure 20.  As set forth more specifically below, Plaintiffs move the Court to join the fifty-two (52) individuals whom have already joined the Count III Fair Labor Standards

Act collective action claims as opt-in Plaintiffs as parties to the Count I

Breach of Employment Contract and Count II Migrant and Seasonal

Agricultural Worker Protection Act claims.  The fifty-two (52) individuals

whom Plaintiffs seek to join as Parties to Counts I and II were absent class

members of the Rule 23 classes proposed for the litigation of the Count I and

Count II claims until the Court denied class certification on March 3, 2009.

[Rec. Doc. 277 at 27.]  Plaintiffs now seek the permissive joinder of the

claims of these former absent class members.

## I.    STATEMENT OF FACTS

This civil action was brought by six migrant or seasonal agricultural

workers employed by Del Monte Fresh Produce (Southeast), Inc. in their

Georgia operations in and around Wheeler and Telfair Counties during the

2003, 2004, 2005 and 2006 seasons. Plaintiffs' Complaint, filed on August

24, 2006 presented claims under the H-2A guestworker employment

contract, under the Migrant and Seasonal Agricultural Worker Protection

Act 29 U.S.C. § 1801-1871 (1999) ("AWPA") and under the Fair Labor

Standards Act 29 U.S.C. §§  201-219 (1998) ("FLSA").  Rec. Doc. 1.

Plaintiffs asserted their Count I claims for breach of the H-2A guestworker

contract as Rule 23 class action claims on behalf of a putative class

consisting of:

2

> all those individuals who were admitted to work in the United States as H-2A temporary foreign workers pursuant to 8 U.S.C. § 1188(H)(ii)(a) who performed non-salaried field and/or warehouse work on Defendants' Helena, Georgia-area produce operations at any point from April 1, 2003 through August 2006 and who were not compensated as supervisors or farm labor contractors for such work.

[Rec. Doc. 251 at 40.]  Plaintiffs asserted their Count II claims under the Migrant and Seasonal Agricultural Worker Protection Act on behalf of a putative class consisting of:

> All those individuals recruited within the United States who performed non-salaried field and/or warehouse work on Defendants' Helena, Georgia-area produce operations at any point from April 1, 2003 through August 2006 and who were not compensated as supervisors or farm labor contractors for such work.

Rec. Doc. 251 at 40.[1]  This case was bifurcated to permit initial determination of the potentially dispositive question of Defendants' status as the Plaintiffs' employers, as well as to permit resolution of class and collective action certification issues. Rec. Doc. 66; Rec. Doc. 80. Pursuant to the parties' bifurcation agreements, Defendants agreed that the statute of limitations for absent class members' claims would be tolled until resolution of class and collective action certification issues. Rec. Doc. 147. On March

---

[1] While both sets of workers were employed in the same jobs on Defendants' farm during the relevant time period, they necessarily proceed on different theories of relief.  The Count I Plaintiffs are excluded from the protections of the AWPA by 29 U.S.C. § 1802(8)(B)(ii), but rely upon their written H-2A employment contracts.  The Count II Plaintiffs were not recruited abroad and did not have written H-2A guestworker employment contracts, but assert their substantively identical claims under the AWPA's 29 U.S.C. § 1822(c) working arrangement provision.  Rec. Doc. 106 at ¶¶ 4-5.

19, 2008 the Court found that Del Monte Fresh Produce (Southeast), Inc. did employ the Plaintiffs, while Del Monte Fresh Produce N.A., Inc. did not. Rec. Doc. 231.

On March 3, 2009, the Court certified Plaintiffs' Count III FLSA claims as a collective action, but denied Plaintiffs' motions for Rule 23 class certification of their Count I claims for breach of the H-2A guestworker contract and of their Count II claims under the AWPA.  The fifty-two (52) individuals whom Plaintiffs now move to join as parties are participating in the Count III FLSA claims as opt-in Plaintiffs, and were absent members of the putative Count I and Count II classes until Plaintiffs' motion to certify those classes was denied on March 3, 2009.  Rec. Doc. 277 at 27.

On March 25, 2009, the Parties filed a stipulation tolling the statute of limitations applicable to the Count I and Count II claims at issue, so that litigation of the several contested motions surrounding joinder, and amendment of the complaint could be avoided while the parties explored settlement.  Rec. Doc. 283 at 3.  That tolling agreement expires on the May 7, 2009 date of this filing.  *Id*.

On this date, Plaintiffs have filed the instant motion to join the fifty-two (52) individuals named below and an additional motion for leave to file their proposed Third Amended Complaint [Rec. Doc. 294], which identifies

the new parties Plaintiffs propose to join.  Rec. Doc. 294-1 ¶¶ 15-72.  A

nine-month period of merits discovery is scheduled to begin on the May 7,

2009 date of this filing.  Rec. Doc. 283 at 3.

Pursuant to Federal Rule of Civil Procedure 20, Plaintiffs seek the

permissive joinder of the following forty-two (42) individuals as Plaintiffs in

their Count I claims for breach of the H-2A contract:

1)  As set forth in Plaintiffs' proposed Third Amended Complaint,
Ms. Ada Linda Garcia-Tenorio was an H-2A guestworker
employed by Defendant in approximately 2006.  Rec. Doc.
294-1 ¶ 18.  Ms. Garcia joined the Fair Labor Standards Act
claims in this case as an opt-in Plaintiff on August 13, 2007.
[Rec. Doc. 196-2.]

2)  As set forth in Plaintiffs' proposed Third Amended Complaint,
Mr. Adolfo Roblero-Morales was an H-2A guestworker
employed by Defendant in approximately 2004.  Rec. Doc.294-
1 at ¶ 19.  Mr. Roblero-Morales joined the Fair Labor Standards
Act claims in this case as an opt-in Plaintiff on March 23,
2007.  [Rec. Doc. 123.]

3)  As set forth in Plaintiffs' proposed Third Amended Complaint,
Mr. Angel Mancilla was an H-2A guestworker employed by
Defendant in approximately 2006.  Rec. Doc. 294-1 at ¶ 20.
Mr. Angel Mancilla joined the Fair Labor Standards Act claims
in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc.
151.

4)  As set forth in Plaintiffs' proposed Third Amended Complaint,
Mr. Aristeo Camacho-Grimaldo was an H-2A guestworker
employed by Defendant in approximately 2006. Rec. Doc. 294-
1 at ¶ 21.  Mr. Camacho-Grimaldo joined the Fair Labor
Standards Act claims in this case as an opt-in Plaintiff on
September 21, 2006.  Rec. Doc. 42.

5) As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Baltazar Diaz-Orozco was an H-2A guestworker employed by Defendant in approximately 2006.  Rec. Doc. 294-1 at ¶ 22.  Mr. Diaz-Orozco joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 21, 2006.  Rec. Doc. 42.

6) As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Bernardo Cedillo-Duque was an H-2A guestworker employed by Defendant in approximately 2006.  Rec. Doc. 294-1 at ¶ 23.  Mr. Cedillo-Duque joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

7) As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Carlos Martinez-Medina was an H-2A guestworker employed by Defendant in approximately 2006.  Rec. Doc. 294-1 at ¶ 24.  Mr. Martinez-Medina joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 21, 2006.  Rec. Doc. 42.

8) As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Cesar Arturo Garcia-Sanchez was an H-2A guestworker employed by Defendant in approximately 2006.  Rec. Doc. 294-1 at ¶ 25.  Mr. Garcia-Sanchez joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 21, 2006.  Rec. Doc. 42.

9) As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Cirilo Alvarado-Mar was an H-2A guestworker employed by Defendant in approximately 2006.  Rec. Doc. 294-1 at ¶ 26.  Mr. Alvarado-Mar joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

10) As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Eladio Cortez-Sanchez was an H-2A guestworker employed by Defendant from approximately 2003 to 2004.  Rec. Doc. 294-1 at ¶ 27.  Mr. Cortez-Sanchez joined

the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on June 22, 2006.  Rec. Doc. 27.

11)      As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Emilio Galarza-Banda was an H-2A guestworker employed by Defendant in approximately 2006. Rec. Doc. 294-1 at ¶ 28.  Mr. Galarza-Banda joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

12)      As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Enrique Lopez-Loredo was an H-2A guestworker employed by Defendant in approximately 2006. Rec. Doc. 294-1 at ¶ 29.  Mr. Lopez-Loredo joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

13)      As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Felizardo Garcia-Martinez was an H-2A guestworker employed by Defendant in approximately 2006. Rec. Doc. 294-1 ¶ 30.  Mr. Garcia-Martinez joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

14)      As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Fortunato Ortega-Santes was an H-2A guestworker employed by Defendant in approximately 2006. Rec. Doc. 294-1 ¶ 31.  Mr. Ortega-Santes joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

15)      As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Francisco Beltran-Rojas was an H-2A guestworker employed by Defendant from approximately 2003 to 2004.  Rec. Doc. 294-1 at ¶ 32.  Mr. Beltran-Rojas joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on June 22, 2006.  Rec. Doc. 27.

16)      As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Humberto Cepada-Rosas was an H-2A

guestworker employed by Defendant in approximately 2006. Rec. Doc. 294-1 at ¶ 33.  Mr. Cepada-Rosas joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on August 13, 2007.  Rec. Doc. 196-2.

17)     As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Humberto Hernandez-Galvan was an H-2A guestworker employed by Defendant in approximately 2006. Rec. Doc. 294-1 at ¶ 34.  Mr. Hernandez-Galvan joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 12, 2007.  Rec. Doc. 152.

18)     As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. Ignacio Ibarra-Rivera was an H-2A guestworker employed by Defendant in approximately 2006. Rec. Doc. 294-1 at ¶ 35.  Mr. Ibarra-Rivera joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

19)     As set forth in Plaintiffs' proposed Third Amended Complaint, Mr. J. Isabel Martinez-Abundiz was an H-2A guestworker employed by Defendant in approximately 2006. Rec. Doc. 294-1 at ¶ 36.  Mr. Martinez-Abundiz joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

20)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 at ¶ 37], Mr. Jorge Aguilar-Esteban was an H-2A guestworker employed by Defendants in approximately 2004.  Mr. Aguilar-Esteban joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on March 23, 2007.  Rec. Doc. 123.

21)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 291-1 ¶ 38], Mr. Jose Antonio Fabian-Flores was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Fabian-Flores joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

22)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 39], Mr. Jose Hernandez-Hernandez was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Hernandez-Hernandez joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 11, 2007.  Rec. Doc. 207.

23)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 40], Mr. Jose Juan Martinez-Gallegos was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Martinez-Gallegos joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 21, 2006.  Rec. Doc. 42.

24)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 41], Mr. Jose Ricardo Zuniga-Mar was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Zuniga-Mar joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

25)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 42], Mr. Jose Victor Martinez-Mendez was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Martinez-Mendez joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 21, 2006.  Rec. Doc. 42.

26)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 43], Mr. Juan Albino Juarez-Estrada was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Juarez-Estrada joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 21, 2006.  Rec. Doc. 42.

27)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 44], Mr. Lazaro Nava-Osorio was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Nava-Osorio joined the Fair Labor

Standards Act claims in this case as an opt-in Plaintiff on September 21, 2006.  Rec. Doc. 42.

28)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 45], Mr. Leopoldo Barrios-Ortega was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Barrios-Ortega joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

29)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 46], Ms. Lorena Sierra-Gonzalez was an H-2A guestworker employed by Defendants in approximately 2006.  Ms. Sierra-Gonzalez joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 21, 2006.  Rec. Doc. 42.

30)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 47], Mr. Miguel Martinez-Martinez was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Martinez-Martinez joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

31)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 48], Ms. Narcisa Moreno-Diaz was an H-2A guestworker employed by Defendants in approximately 2006.  Ms. Moreno-Diaz joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

32)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 49], Mr. Narciso Medina-Reyes was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Narciso Medina-Reyes joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on August 13, 2007.  Rec. Doc. 196-2.

33)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 50], Mr. Pablo Medina-Reyes was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Pablo Medina-Reyes joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on November 14, 2007.  Rec. Doc. 230.

34)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 51], Mr. Pedro Barrios-Ortega was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Barrios-Ortega joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 10, 2007.  Rec. Doc. 151.

35)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 52], Mr. Raul Escobar-Gonzalez was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Escobar-Gonzalez joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on May 12, 2008.  Rec. Doc. 247.

36)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 53], Mr. Reyes Ramos-Vasquez was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Ramos-Vasquez joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on July 12, 2007.  Rec. Doc. 152.

37)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 54], Mr. Roberto Del Angel-Carrera was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Del Angel-Carrera joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 21, 2006.  Rec. Doc. 42.

38)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 55], Mr. Roberto Mancilla-Hernandez was an H-2A guestworker employed by Defendants in approximately 2006.  Mr. Mancilla-Hernandez joined the

Fair Labor Standards Act claims in this case as an opt-in
Plaintiff on July 10, 2007.  Rec. Doc. 151.

39)      As set forth in Plaintiffs' proposed Third Amended
Complaint [Rec. Doc. 294-1 ¶ 56], Mr. Sixto Mancilla-
Rodriguez was an H-2A guestworker employed by Defendants
in approximately 2006.  Mr. Mancilla-Rodriguez joined the Fair
Labor Standards Act claims in this case as an opt-in Plaintiff on
July 10, 2007.  Rec. Doc. 151.

40)      As set forth in Plaintiffs' proposed Third Amended
Complaint [Rec. Doc. 294-1 ¶ 57], Mr. Teodoro Duque-Zuniga
was an H-2A guestworker employed by Defendants in
approximately 2006.  Mr. Duque-Zuniga joined the Fair Labor
Standards Act claims in this case as an opt-in Plaintiff on
September 21, 2006.  Rec. Doc. 42.

41)      As set forth in Plaintiffs' proposed Third Amended
Complaint [Rec. Doc. 294-1 ¶ 58], Ms. Tomasa Hernandez-
Coronado was an H-2A guestworker employed by Defendants
in approximately June 2006.  Ms. Hernandez-Coronado joined
the Fair Labor Standards Act claims in this case as an opt-in
Plaintiff on September 21, 2006.  [Rec. Doc. 42.]

42)      As set forth in Plaintiffs' proposed Third Amended
Complaint [Rec. Doc. 294-1 ¶ 59], Mr. Uriel Patino-Corona
was an H-2A guestworker employed by Defendants in
approximately 2004.  Mr. Patino-Corona joined the Fair Labor
Standards Act claims in this case as an opt-in Plaintiff on
August 4, 2006.  [Rec. Doc. 33.]

Plaintiffs also seek the permissive joinder of the following ten (10)

individuals as Plaintiffs in their Count II claims under the AWPA:

1)      As set forth in Plaintiffs' proposed Third Amended
Complaint [Rec. Doc. 294-1 ¶ 63], Mr. Adolfo Gomez was
employed by Defendants intermittently from approximately 2003
to 2006 as a migrant or seasonal agricultural worker.  Mr. Gomez

joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 29, 2006.  Rec. Doc. 53.

2)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 64], Mr. C.J. Mason was employed by Defendants intermittently from approximately 2004 to 2006 as a migrant or seasonal agricultural worker.  Mr. Mason joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on October 24, 2006.  Rec. Doc. 59.

3)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 65], Mr. George Allen was employed by Defendants in approximately 2005 as a migrant or seasonal agricultural worker.  Mr. Allen joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on October 12, 2006.  [Rec. Doc. 58.]

4)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 66], Mr. George Worthen was employed by Defendants in approximately 2004 as a migrant or seasonal agricultural worker.  Mr. Worthen joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on May 15, 2007.  Rec. Doc. 142.

5)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 67], Ms. Hope Williams was employed by Defendants in approximately 2004 as a migrant or seasonal agricultural worker.  Ms. Williams joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on November 13, 2006.  Rec. Doc. 70.

6)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 68], Jamil Wright was employed by Defendants during times relevant to this action as a migrant or seasonal agricultural worker.  Mr. Wright joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on May 4, 2009.  Rec. Doc. 289.

7)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 69], Ms. Kathy Williams was employed by Defendants during times relevant to this action as a migrant or seasonal agricultural worker.  Ms. Williams joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on May 4, 2009.  Rec. Doc. 289.

8)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 70], Ms. Rosa Arias was employed intermittently by Defendants from approximately 2004 to 2006 as a migrant or seasonal agricultural worker. Ms. Arias joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on February 2, 2007.  Rec. Doc. 114.

9)      As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 71], Ms. Sandreka Madison was employed by Defendants in approximately 2005 as a migrant or seasonal agricultural worker.  Ms. Madison joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on January 11, 2007.  Rec. Doc. 109.

10)     As set forth in Plaintiffs' proposed Third Amended Complaint [Rec. Doc. 294-1 ¶ 72], Ms. Veota Khamlusa was employed by Defendants in approximately 2006 as a migrant or seasonal agricultural worker.  Ms. Khamlusa joined the Fair Labor Standards Act claims in this case as an opt-in Plaintiff on September 29, 2006.  Rec. Doc. 53.

## II.     PLAINTIFFS' MOTION FOR PERMISSIVE JOINDER SHOULD BE GRANTED.

### A. Joinder of the Identified Parties Is Appropriate Under Fed. R. Civ. P. 20.

"[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County,* 207 F.3d 1303, 1323 (11th Cir.

2000).  "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

The Eleventh Circuit has articulated a two-pronged test governing permissive joinder:

> A party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined.

*Alexander*, 207 F.3d at 1323.  Because Plaintiffs satisfy both prongs of this test, with respect to the claimants they seek to join, their motion should be granted.

### 1) Plaintiffs and the Parties They Seek to Join Assert a Right to Relief Arising Out of the Same Series of Transactions.

The Eleventh Circuit has opined that the common "transaction or occurrence" required for permissive joinder are "word[s] of flexible meaning."  *Alexander*, 207 F.3d at 1323.  Indeed, "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence," *Id* (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

The claims for relief asserted both by the six current Plaintiffs and by the parties they seek to join arise from a common payment system dictated by the same H-2A clearance order employment contracts. *See*, Rec. Docs. 234-31 through 234-35 (clearance order contracts governing work in 2003-2006 harvest seasons). These uniform H-2A clearance order contracts dictated the terms and conditions of employment applicable to each H-2A guestworker employed pursuant to them. Rec. Doc. 106 at ¶¶ 71-87; Rec. Doc. 294-1 ¶¶ 91-95. Current Plaintiffs Hector Luna, Julian Garcia, and Francisco Javier Lorenzo were employed pursuant to these uniform contracts, as were the proposed additional Count I Plaintiffs. Rec. Doc. 294-1 ¶¶ 15-59, 109-126.

The Count II Plaintiffs were not recruited from abroad, but invoke the protections of the same uniform H-2A clearance order contracts at issue in the Count I guestworkers' case. The core allegation of the Count II Plaintiffs' case is that they, like the Count I H-2A guestworkers, were entitled to and were denied the Adverse Effect Wage Rate ("AEWR") required by the H-2A clearance order contracts. The Count II Plaintiffs allege that they are entitled to these clearance order protections because the similarly situated domestic workers Defendant employed must be provided the same terms and conditions of employment to which H-2A workers are

entitled. 20 C.F.R. § 655.102. Indeed, this Court has provisionally

determined that these workers are "similarly situated" as workers employed

on Defendant's farming operations in and around Telfair and Wheeler

counties from 2003 to 2006.  Rec. Doc. 277 at 30.  Current Count II

Plaintiffs Santos G. Maldonado, Patricia Woodard and Bartolo Nunez seek

to enforce this guarantee through the working arrangement provisions of the

AWPA.  29 U.S.C. § 1833(c); Rec. Doc. 106 at ¶¶ 39-45, 88-102.  Proposed

additional Count II Plaintiffs Adolfo Gomez, C.J. Mason, George Allen,

George Worthen, Hope Williams, Jamil Wright, Kathy Williams, Rosa

Arias, Sandreka Madison, and Veota Khamlusa make the same allegations

based on the same uniform, H-2A clearance order contracts.  Rec. Doc. 294-

1 ¶¶  130-136.

        The central questions in the claims presented by each current and

proposed Plaintiff pleading claims under either count are whether the

guarantees of the clearance order contracts are enforceable; whether

Defendant failed to maintain proper records of their work; and whether

Defendant paid the Plaintiff at the AEWR contract rate mandated by the

clearance order contract. Rec. Doc. 294-1 ¶¶ 109-142.  Indeed, this Court

has already noted strong similarities in Plaintiffs' and the proposed parties'

legal claims and factual allegations.  Rec. Doc. 277 at 17, 30 ("All of the

proposed plaintiffs worked at a single operation where the primary activities related to growing and packing produce…  There do not appear to be any significant disparities between plaintiffs' factual and employment settings.")(internal citations omitted).

Evaluation of each Plaintiff's claims also requires reference to another uniform set of contracts, those between Defendant and the Farm Labor Contractor ("FLC") who supervised and paid the Plaintiff on Defendant's behalf.  *See*, Rec. Docs. 234-37 through 234-49 (FLC Agreements).  As this Court noted in finding the Plaintiffs similarly situated for the collective litigation of their Count III FLSA claims "[The workers'] pay, either hourly or piece-rate, was determined by schedules in generally applicable FLC contracts."  Rec. Doc. 277 at 30.  This Court found that "DMSE presented the Agreements to the FLCs fully prepared, with jobs and corresponding pay rates and methods of payment (hourly or piece rate) already specified… Thus, with few exceptions, DMSE dictated the FLC workers' pay rates and method of payment through the standardized FLC agreements."  Rec. Doc. 231 at 11 (internal citations omitted).  Because these rates fell below the AEWR, Defendant knew and intended that the Plaintiffs were not paid the AEWR wage rate mandated by the clearance order contracts.  29 U.S.C. § 1854(c)(1); Rec. Doc. 294-1 ¶ 141.

Both the Eleventh Circuit and this Court have held that a series of distinct contracts giving rise to similar, serial complaints constitute a single series of transactions proper for permissive joinder. *Moore v. Comfed Savings Bank*, 908 F.2d 834, 837-839 (11th Cir. 1990); *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 688 (N.D. Ga. 2003); *see also Zhanjiang Go-Harvest Aquatic Prods. Co., LTD. v. Southeast Fish & Seafood Co.*, No. 07-60126-CIV-COHN/SNOW, 2007 U.S. Dist. LEXIS 41234, *3-5 (S.D. Fla. May 25, 2007).

Permissive joinder is appropriate where, as here, a series of form contracts are implicated in the complaints being litigated. *Moore*, 908 F.2d at 836-837. Plaintiffs and the parties they propose to join assert a right to relief arising out of the same series of transactions or occurrences. Fed. R. Civ. P. 20(a)(1)(A).

### 2)    Plaintiffs Share Common Questions of Law and Fact With the Parties they Seek to Join.

Plaintiffs asserting any right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" may properly be joined if "any question of law or fact common to all plaintiffs will arise in the action." Fed R. Civ. P. 20(a)(1).

"The second prong of Rule 20 does not require that all questions of law and fact raised by the dispute be common, but only that some question of law or fact be common to all parties." *Alexander*, 207 F.3d at 1324.

This Court has already found the common questions of law and fact required for permissive joinder in its Order considering and rejecting Plaintiffs' motion for Rule 23 class certification. *See* Rec. Doc. 277 at 17-22 (finding Rule 23(a)(2) commonality for Count I and II Plaintiffs and finding Rule 23(a) typicality among Count II Plaintiffs only.)  While perceived adequacy problems led the Court to reject Plaintiffs motion for Rule 23 class certification, joinder under Rule 20 remains appropriate. *Fisher v. Ciba Specialty Chems. Corp.,* 245 F.R.D. 539, 542 (S.D. Ala. 2007) ("…Rule 20 contemplates a much lower threshold for allowing plaintiffs' claims to proceed to trial together than is required by Rule 23 for class certification.")[2]

Where this Court has already held that common questions of fact and law existed for the purposed of Rule 23 certification, the second prong of Rule 20(a) joinder has been satisfied.  Plaintiffs' motion should be granted.

---

[2] Plaintiffs further note that the significant common question of Defendant's status as the employer of the agricultural workers they contracted through Farm Labor Contractors has already been resolved in this litigation. Rec. Doc. 231 at 17.  This issue common to all parties Plaintiffs seek to join is sufficient to render joinder under Rule 20(a) appropriate.

### 3)      The Interests of Judicial Economy Will Be Served and Defendants Will Suffer No Undue Prejudice as a Result of Joinder.

"[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander,* 207 F.3d at 1323.  Grants of permissive joinder in this case will accomplish just that, as Plaintiffs will otherwise have no choice other than to file fifty-two additional related cases.  No legitimate interest is served by such a wasteful and duplicative result.

Avoidance of significant expense and inconvenience to witnesses, who – absent joinder - may have to travel internationally to present the same testimony on multiple occasions has been recognized as a sound justification for permissive joinder.  *Fisher*, 245 F.R.D. at 543.  So too has the avoidance of the considerable "attendant drag on the efficient administration of justice" inherent in the serial adjudication of overlapping claims.  *Id.*

Joinder may be deemed prejudicial to an adverse party where discovery is closed or has advanced to a point that would hinder the investigation of a new party's claim.   *French v. Sellers*, No. 5:04-CV-389 (CAR), 2007 U.S. Dist. LEXIS 17655, *4 (M.D. Ga. Mar. 14, 2007) (denying Rule 20 motion six months after the close of discovery).  In this case, however, the nine-month period of merits discovery has only begun on

the date of this filing.  Rec. Doc. 283 at 3.  No merits discovery has yet been taken in this case, as discovery was first limited to an employer status and class certification phase, and was subsequently limited to questions of class and collective action certification.  Rec. Doc. 66; Rec. Doc. 80.  Defendants have lost no opportunity to take discovery from the parties Plaintiffs seek to join.  Effective May 7, 2009, Defendants will have already prematurely served all individuals who seek to join this case with extensive interrogatories, requests to admit, and requests for production. Rec. Docs. 280-282.  Moreover, Defendants already taken the depositions of six of the individuals Plaintiffs seek to join in the course of discovery on issues of employer status and class certification.

Because the interests of efficiency and judicial economy would be significantly advanced by allowing these claims to travel together, and no party will be prejudiced by joinder, the Plaintiffs' motion should be granted. *Fisher*, 245 F.R.D. at 542.

<u>CONCLUSION</u>

For the reasons set forth above, the Plaintiffs respectfully request that the Court grant their Motion for Permissive Joinder of the fifty-two proposed additional Plaintiffs.

Respectfully Submitted, [3]

**/s/ Andrew H. Turner**
Andrew H. Turner  *pro hac vice*
Kristi L. Graunke, Georgia Bar Number 305653
Mary C. Bauer, Georgia Bar Number 142213
Immigrant Justice Project, Southern Poverty Law Center
233 Peachtree St. NE, Suite 2150
Atlanta, GA 30303
phone: (404) 221-5844
fax: (404) 221-5845
Email:     kristi.graunke@splcenter.org
           mary.bauer@splcenter.org
           andrew.turner@splcenter.org

Elizabeth J. Appley, Georgia Bar No. 020987
235 Peachtree St. N.E., 2212 North Tower
Atlanta, GA 30303
Telephone:  (404) 523-3800
Facsimile:   (404) 523-0426
Email: eja@appleylaw.com

Attorneys for Plaintiffs

---

[3] Pursuant to L.R. 7.1D, the undersigned certifies that this pleading complies with the font and point selections permitted by L.R. 5.1B. This Motion was prepared using the Times New Roman 14 point typeface.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have on **May 7, 2009** electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record for the Defendants:

     Bradley E. Strawn
     Latesa K. Bailey
     LITTLER MENDELSON, P.C.
     3348 Peachtree Road N.E., Suite 1100
     Atlanta, Georgia 30326-1008

     Jacqueline E. Kalk
     LITTLER MENDELSON, P.C.
     1300 IDS Center
     80 South 8th Street
     Minneapolis, Minnesota 55402-2136

     **__/s/ Andrew H. Turner____**
     Andrew H. Turner
     Attorney for Plaintiffs