IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HECTOR LUNA, JULIAN GARCIA,
FRANCISCO JAVIER LORENZO,
SANTOS G. MALDONADO, PATRICIA
WOODARD and BARTOLO NUNEZ,
Individually and on behalf of
all others similarly situated,

Plaintiffs,

v.

DEL MONTE FRESH PRODUCE
(SOUTHEAST), INC., and DEL
MONTE FRESH PRODUCE N.A.,
INC.,

Defendants.

CIVIL ACTION NO.
1:06-CV-2000-JEC

## ORDER & OPINION

This case is presently before the Court on plaintiffs' Motion for Leave to File their Third Amended Complaint [294], plaintiffs' Motion for Joinder [295], plaintiffs' Motion to Intervene [302], plaintiffs' Motion for Protective Order [319], defendants' Motion to Stay Discovery [368], the parties' Joint Motion for Extension of Time to Complete Discovery [369], and plaintiffs' Motion for a Scheduling Conference [374].

The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiffs' Motion for Leave to File their Third Amended Complaint [294] should be **GRANTED**, plaintiffs' Motion for Joinder [295] should

be **GRANTED**, plaintiffs' Motion to Intervene [302] should be **DENIED as moot**, plaintiffs' Motion for Protective Order [319] should be **DENIED**, defendants' Motion to Stay Discovery [368] should be **DENIED as moot**, the parties' Joint Motion for Extension of Time to Complete Discovery [369] should be **GRANTED**, and plaintiffs' Motion for a Scheduling Conference [374] should be **DENIED**.

## BACKGROUND

Plaintiffs are six migrant and seasonal agricultural laborers who worked on defendant Del Monte Fresh Produce Southeast's ("DMSE's") Georgia farms at various times during the 2003, 2004, 2005 and 2006 harvest seasons. (Second Amended Compl. [106] at ¶ 1.) They were recruited to work on defendants' farms by third-party farm labor contractors. (*Id.* at ¶ 3.) Plaintiffs Luna, Garcia, and Lorenzo were recruited from Mexico pursuant to the temporary agricultural work visa program commonly known as the "H-2A program." (*Id.* at ¶ 4.) Plaintiffs Maldonado, Woodard and Nunez were recruited from within the United States. (*Id.* at ¶ 5.)

Plaintiffs allege that, during their employment with DMSE, defendant violated federal laws governing the wages and working conditions of migrant and seasonal agricultural workers. (*Id.* at ¶ 6.) They filed this lawsuit as a class action on behalf of two distinct classes of workers: (1) H-2A guest-workers recruited from Mexico; and (2) non-H-2A migrant and seasonal agricultural workers recruited from within the United States. (Second Amended Compl.

[106] at ¶¶ 4-5.) In Count I of the Complaint, the H-2A workers assert claims for breach of contract. (*Id.*) In Count II, the non-H-2A workers assert claims for violation of the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. §§ 1801-1871 ("AWPA"). (*Id.*) In Count III, all of the plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). (*Id.* at ¶ 7.)

The case was bifurcated to permit an initial determination on the potentially dispositive question of defendants' status as plaintiffs' employer. (Scheduling Order [66].) Following the initial discovery period, the parties filed motions for summary judgment on the employment question. (Order [231].) In its order ruling on those motions, the Court held that defendant DMSE qualified as plaintiffs' employer, but that defendant Del Monte Fresh Produce, N.A. ("DMNA") did not. (*Id.*) The Court thus granted summary judgment to DMNA on all of plaintiffs' claims, leaving DMSE as the sole defendant in the suit. (*Id.*)

Plaintiffs subsequently filed a motion for certification of the claims asserted in Counts I and II of their Complaint as a class action under Rule 23, and for certification of the claims asserted in Count III as a collective action under the FLSA. (Order [277].) The Court granted plaintiffs' motion as to the claims in Count III, and certified an FLSA collective action. (*Id.* at 31.) However, the Court denied plaintiffs' motion to certify a class action to litigate

3

the claims asserted in Counts I and II. (*Id.* at 27.) As to those claims, the Court found that plaintiffs had not met the requirement of Rule 23(b)(3) to show that common factual and legal issues predominate over individual issues. (*Id.*) Plaintiffs appealed the Rule 23 class certification issue to the Eleventh Circuit, which recently affirmed the Court's decision. (Order of USCA [305].)

While the appeal was pending, the parties attempted to proceed with merits discovery in this Court. However, as has happened so frequently in this case, discovery has been stalled by disputes that the parties have chosen to resolve through motions, instead of by agreement. The primary dispute that has arisen concerns the proper scope of discovery directed toward the 52 plaintiffs who opted in to the FLSA collective action. Plaintiffs contend that it would be unduly burdensome and expensive to subject all of the opt-ins to discovery. (Pls.' Mot. for Protective Order [319] at 6.) They have filed a motion for a protective order to limit discovery to a small sample of the opt-in plaintiffs, which motion is presently before the Court. (*Id.*)

Plaintiffs have also filed a motion for permissive joinder and a motion to amend their complaint to add the 52 opt-ins as individual plaintiffs on Counts I and II of the complaint. (Pls.' Mot. to Amend [294] and for Permissive Joinder [295].) Plaintiffs contend that, in light of the Court's denial of class certification on Counts I and II, joinder of these formerly absent class members is warranted.

4

(*Id.* at 17.) The opt-in plaintiffs have filed a related motion to intervene as individual plaintiffs on Counts I and II. (Pls.' Mot. to Intervene [302].) All of these motions are presently before the Court.

Finally, in an effort to address the scheduling issues created by the above disputes and the Eleventh Circuit appeal, the parties have filed a joint motion to extend the discovery period. (Joint Mot. for Extension of Time to Complete Discovery [369].) The joint motion proposes that the discovery deadline be extended to 120 days from the Court's decision on the pending motions and the Eleventh Circuit's decision on plaintiffs' appeal. (*Id.* at 3.) The motion adjusts the deadlines for expert disclosures and dispositive motions accordingly. (*Id.*) The parties' joint motion, as well as defendants' related motion to stay discovery, are presently before the Court.

## DISCUSSION

### I. Plaintiffs' Motion to Amend and for Permissive Joinder

In their motion to amend, Plaintiffs seek leave to file their Third Amended Complaint in this case. (Pls.' Mot. to Amend [294].) The Amended Complaint reflects the Court's denial of plaintiffs' motion for Rule 23 certification on Counts I and II. (*Id.* at 3.) It also adds the 52 FLSA opt-in plaintiffs as individual plaintiffs on Counts I and II. (*Id.*) The opt-in plaintiffs are formerly absent members of the putative classes the Court declined to certify. (*Id.*)

Federal Rule 15(a) provides that leave to amend shall be "freely

give[n] . . . when justice so requires." FED. R. CIV. P. 15(a). Courts therefore generally grant leave unless there is a substantial reason to deny it. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006)("'In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be freely given.'")(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Denial of a motion to amend is an abuse of discretion in the absence of some factor to justify the decision, such as "undue delay, undue prejudice to defendants, [or] futility." *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1217-18 (11th Cir. 2004).

There is no reason to deny leave in this case. Amendment of plaintiffs' complaint to reflect the Court's ruling on class certification obviously does not prejudice defendant. Neither does the joinder of the FLSA opt-ins as individual plaintiffs on Counts I and II. The opt-in plaintiffs are already participating in the case as FLSA claimants. Defendant has been aware of their identity, and their potential claims under Counts I and II, for months. As merits discovery is unfortunately still in the initial stages, defendant has sufficient time to prepare its defense to those claims. Indeed, defendant has already served all of the opt-ins with several broad discovery requests that have some bearing on the claims. (See Pls.' Mot. for Protective Order [319] at 5-6.)

Moreover, plaintiffs easily meet the requirements for permissive joinder under Federal Rule 20. Rule 20 provides for permissive

joinder of parties to an action where: (1) the parties assert a claim "arising out of the same transaction, occurrence, or series of transactions or occurrences" as the plaintiffs; and (2) there is some "question of law or fact common" to the parties seeking joinder and the plaintiffs in the action. FED. R. CIV. P. 20(a). *See also Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001)(discussing the requirements for permissive joinder under Rule 20).

The claims in Counts I and II arise from a common payment system dictated by uniform H-2A employment contracts and Farm Labor Contractor ("FLC") agreements. *See Moore v. Comfed Savings Bank*, 908 F.2d 834, 837-839 (11th Cir. 1990)(holding that a series of distinct contracts giving rise to similar, serial complaints qualifies as a single "series of transactions" proper for permissive joinder under Rule 20). In addition, and as noted in the Court's class certification order, there are several common questions of law and fact. (Order [277] at 17, 30.) The Court did not find that the common questions predominated, as required for class certification by Rule 23(b)(3). However, "Rule 20 contemplates a much lower threshold for allowing plaintiffs' claims to proceed to trial together than is required by Rule 23 for class certification." *Fisher v. Ciba Specialty Chems. Corp.*, 245 F.R.D. 539, 542 (S.D. Ala. 2007).

Contrary to defendant's argument, plaintiffs' motion for joinder is not untimely. Defendant points out that plaintiffs filed their motion over two years after they initiated this lawsuit. (Def.'s

7

Resp. to Pls.' Mot. for Joinder [307] at 7-8.) However, plaintiffs expeditiously sought joinder shortly after the Court denied their motion for class certification. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983)(stating that, upon denial of class certification, "class members may choose to file their own suits or to intervene as plaintiffs in the pending action") and *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1391 (11th Cir. 1998)(noting that, when a motion for class certification is denied, absent class members are required to file their own suit or join the action as individual plaintiffs in order to preserve their claims).

Nor will joinder cause undue delay in this case. The opt-ins are already participating in the case as FLSA claimants. Their joinder on Counts I and II will not significantly complicate discovery. As noted, defendant has already served the opt-ins with extensive discovery requests. Moreover, defendant's suggestion that plaintiffs will file "serial joinder motions" as additional FLSA plaintiffs opt in to the case appears to be unwarranted. (See Def.'s Resp. [307] at 11-12.) The notice and opt-in period concluded on August 7, 2009. (*Id.* at 3.) Plaintiffs have not updated their motions to request joinder of any additional opt-ins, nor would the Court be receptive to such a motion at this time.

The goal of joinder under Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Swan v. Ray*, 293 F.3d 1252, 1253

(11th Cir. 2002). That goal will be served by granting plaintiffs' motion for joinder in this case. Indeed, no legitimate interest would be served by requiring the opt-in plaintiffs, who are already participating in this lawsuit as FLSA claimants, to file 52 additional lawsuits to pursue the breach of contract and AWPA claims asserted in Counts I and II. Accordingly, plaintiffs' motion to amend and their motion for permissive joinder are **GRANTED**.

## II. **Plaintiffs' Motion for a Protective Order**

Plaintiffs have filed a motion for protective order to limit the discovery directed towards the FLSA opt-in plaintiffs. (Pls.' Mot. for Protective Order [319].) However, plaintiffs concede that any opt-ins who are joined as full parties to the action are appropriately subject to reasonable individual discovery. (Pls.' Reply in Supp. of Joinder [318] at 11.) As a result of the Court's decision on plaintiffs' motion for joinder, plaintiffs' motion for a protective order is thus **DENIED**.

The Court urges the parties, as they move forward with discovery, to make a serious attempt to resolve any disputes that may arise over the definition of "reasonable" individual discovery. Plaintiffs have in the past resisted defendant's discovery efforts based on their indigency and the fact that plaintiffs are dispersed throughout Mexico. While the Court acknowledges the difficulty of conducting discovery under these conditions, plaintiffs' residency and financial status do not justify denying defendant the full range

of discovery to which it is entitled under Rule 26. Particularly, now that the opt-ins have been joined as full parties to the action, the Court will not be inclined to grant any future motions to shield them from discovery, unless plaintiffs can articulate specific objections to particular discovery requests, and can show that those requests are improper under Rule 26.

### III. **The Parties' Joint Motion for an Extension of Discovery**

In their joint motion, the parties propose that the discovery deadline be extended to 120 days from the date of this Court's ruling on the pending motions and the Eleventh Circuit's decision on plaintiffs' appeal. The Court **GRANTS** this motion. The Eleventh Circuit affirmed the Court's class certification ruling on December 3, 2009. Accordingly, the Court extends discovery to 120 days from the date of this Order. Plaintiffs should disclose experts 60 days before the close of discovery. Defendant should disclose experts 45 days before the close of discovery. Dispositive motions and any decertification motions must be filed within 30 days after the close of discovery.

Plaintiffs recently filed a motion for a scheduling conference. (Mot. for Scheduling Conference [374].) The Court presumes that this Order will resolve all of the issues raised in that motion.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiffs' Motion for Leave to File their Third Amended Complaint [294], **GRANTS** plaintiffs' Motion for Joinder [295], **DENIES as moot** plaintiffs' Motion to Intervene [302], **DENIES** plaintiffs' Motion for Protective Order [319], **DENIES as moot** defendants' Motion to Stay Discovery [368], **GRANTS** the parties' Joint Motion for Extension of Time to Complete Discovery [369], and **DENIES** plaintiffs' Motion for a Scheduling Conference [374].

Discovery will conclude on **Friday, April 9, 2010**. Plaintiffs should disclose their experts by **Monday, February 8, 2010**. Defendant should disclose its experts by **Tuesday, February 23, 2010**. Dispositive motions and any motions for decertification are due on **Monday, May 10, 2010**.

SO ORDERED, this ___ day of December, 2009.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE